John WHITE EAGLE, Petitioner
and Appellant,

v.

STATE of South Dakota, Plaintiff
and Respondent.

No. 12597.

Supreme Court of South Dakota.

Argued April 20, 1979.

Decided June 21, 1979.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Cynthia A. Howard, South Dakota Legal Services, Timber Lake, for petitioner and appellant.

MORGAN, Justice.

This is an appeal from the denial of appellant's petition for post-conviction relief by the Circuit Court for the Sixth Judicial Circuit, Haakon County. Appellant contends that the court erred in holding that the repayment of attorney fees as a condition of probation is not a violation of his constitutional rights. We affirm.

Appellant was arrested and charged with third-degree forgery on December 13, 1976. That same day, he filled out an application for court-appointed counsel whereon he listed his assets, liabilities and anticipated receivables as "none." He was apparently unemployed at the time. Shortly thereafter, the court appointed counsel to represent appellant. At the arraignment, appellant pled guilty and a pre-sentence investigation was ordered. At the sentencing hearing, appellant's counsel indicated that appellant had a good possibility of gaining employment and had an interview lined up for that purpose. The court then suspended imposition of sentence and placed appellant on probation for two years upon certain conditions, those being that appellant not violate any laws, that he be placed under the control and supervision of the Division of Charities and Corrections, and that he reimburse Haakon County for the amount of court-appointed counsel fees incurred in the case. Appellant's counsel questioned the proprie-

ty of the condition of repayment of fees, but it is clear from the sentencing hearing transcript that appellant accepted all of the conditions affirmatively. The court even made a special point, after appellant's counsel's objections, to re-inquire whether appellant would accept the conditions stated. Appellant then filed a petition for post-conviction relief alleging that the stated condition of probation requiring repayment of attorney fees was unconstitutional. His petition was denied and is now before us on this appeal.

■ The granting of suspended imposition of sentence pursuant to SDCL 23–57–4 is strictly a matter of grace and rests solely within the discretion of the court. It is not a matter of right or entitlement and the exercise of that discretion includes the imposition of conditions. Further, the only limitation on what conditions may be imposed are that they be legal and reasonable. *State v. Marshall*, 247 N.W.2d 484 (S.D. 1976); *Application of Jerrel*, 77 S.D. 487, 93 N.W.2d 614 (1958). See SDCL 23–57–4.

■ Appellant's first contention is that imposing the repayment of attorney fees as a condition of probation is a violation of his right to equal protection of the law because, as a result of such a condition, an indigent defendant is treated differently than a non-indigent defendant. Appellant argues that an indigent defendant can be imprisoned, by revocation of probation, for nonpayment of a debt whereas a nonindigent defendant who does not pay his attorney fees cannot be imprisoned for his failure to pay a debt.[1] We do not agree with appellant's analysis.

■ Appellant's right to equal protection of the law requires that the law be applied equally. That was done in this case. He was given the same choice that any other defendant in this situation, indigent or not, would have been given: probation with conditions or imprisonment. He was made fully aware of all the conditions being imposed and he accepted them. The condi-

---

1. Appellant also contends on appeal that the statutory provisions authorizing the county to place a lien against the property of one who uses court-appointed counsel is unconstitutional on the grounds that it does not provide him with the same exemptions as other civil debt-

ors, and cites *James v. Strange*, 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972). We find, however, that this issue is not before us since appellant has not properly taken exception to that statute nor its provisions.

tions imposed need not be the same for every defendant and the fact that they are not is not a denial of equal protection. Conditions of probation may be tailored to suit the needs, practicalities and realities of each case to better serve the defendant and the public. The decision whether or not to accept the conditions was given to appellant just as it is to any defendant in a similar situation. Appellant's equal protection rights were not violated. See *State v. Gerard*, 57 Wis.2d 611, 205 N.W.2d 374 (1973).

▇ Closely related to his equal protection argument is appellant's contention that imposition of repayment of attorney fees as a condition of probation is unconstitutional in that any revocation of probation for failure to pay said fees would be imprisonment for debt, which is prohibited by Article VI, § 15, of the South Dakota Constitution.[2] Again, we disagree with appellant.

In *Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), the United States Supreme Court ruled that repayment of attorney fees as a condition of probation, as provided by Oregon statutes, was not a violation of Mr. Fuller's constitutional rights. Oregon's statutes required that a probatee not be required to pay said fees unless he is or will be able to do so, that the probatee may petition to have the unpaid portion "forgiven"; and that no probatee may have his probation revoked due to non-payment if he shows that his failure to repay was not attributable to an intentional refusal to obey the order or a lack of a good faith effort to make the payments. The Court approved the statutory scheme as being within constitutional guidelines pointing out that any probatee who truly is unable to make such payments due to hardship or other disability will not lose his freedom because of his failure to do so. Although the issue of imprisonment for debt was not brought before the Court in *Fuller* and was only discussed in a footnote, we agree with the majority's observation that, since no probatee who is truly unable to make repayment will have his probation

revoked for such failure, the condition, if enforced, is not imprisonment for debt, but is rather "a sanction imposed for 'an intentional refusal to obey the order of the court[.] ' "[3]

▇ Third, appellant contends that such a condition of probation results in an impermissible "chilling effect" on his constitutional right to counsel. This contention was also raised in *Fuller*, wherein the Court stated that the Oregon system clearly did not deny nor "chill" an accused's right to counsel. An accused's right to counsel is a right to have counsel available when he needs it, even if he cannot afford it at the time. The accused, however, has no right to be forever free from any liability to reimburse the county or state for providing said counsel. The Court held in *Fuller*, as we do today, that the condition of repayment can only be enforced in circumstances where the probatee has funds available for such repayment, to avoid any unconstitutional "chilling effect" upon his right to counsel. As the Court stated:

> The fact that an indigent who accepts state-appointed legal representation knows that he might someday be required to repay the costs of these services in no way affects his eligibility to obtain counsel. . . . [O]nly those who actually become capable of repaying the State will ever be obliged to do so. Those who remain indigent or for whom repayment would work "manifest hardship" are forever exempt from any obligation to repay.

417 U.S. at page 53, 94 S.Ct. at page 2124, 40 L.Ed.2d at 654.

▇ Next, appellant argues that an accused's due process rights require that he be informed before accepting court-appointed counsel that repayment of attorney fees incurred by the county for his defense may be imposed as a condition of his probation if he is found guilty and receives suspended imposition of sentence. We agree with appellant that an accused should be so advised, but we do not agree that failure to do so constitutes constitutional error. It is not

---

2. Nowhere is it contended by appellant, nor is it evident to this court, that any such revocation has been made.

3. *Fuller v. Oregon*, 417 U.S. 40, 48, n. 9, 94 S.Ct. 2116, 2122, 40 L.Ed.2d 642, 651 (1974).

**662**

necessary that every warning or informative statement which is to be given to an accused be constitutionally mandated. This is especially true where it involves minimal effort on the part of the court or prosecutor, but may be very important to the accused, as is the case here. Therefore, we suggest that the circuit courts make a practice of informing an indigent defendant of such potential conditions, pointing out also, of course, that such condition may only be enforced upon the court's finding that he is indeed capable of making repayment.

In conclusion, we find no constitutional infirmity in the imposition of a condition of probation requiring appellant to repay the county for the expenses it incurred in providing appellant with court-appointed counsel for his defense. Such a condition, when enforced within constitutional guidelines, is not a violation of appellant's equal protection or due process rights, nor is it an infringement on his right to counsel, nor does it violate the constitutional prohibition against imprisonment for debt.

As stated above, however, the enforcement of the conditions must be within the constitutional guidelines established in *Fuller* and discussed in this opinion. South Dakota's statutory guidelines, which are found in SDCL 23–2–3.5,[4] are not nearly as detailed as were Oregon's in *Fuller*, but the essential protection that was required to be afforded the probatee in *Fuller*, i. e., that a probatee who is truly not able to pay will not have his probation revoked for failure to do so, is afforded appellant under South Dakota's statutes, which require that the court make a finding that "funds are available for payment from or on behalf of a defendant" before repayment will be required. An order of repayment as a condition of probation, may not be enforced unless a finding of availability of funds is made. Therefore, South Dakota's statutory

requirement that funds be available before enforcement of a repayment condition of probation, when applied in compliance with the mandate in *Fuller*, is fully protective of appellant's constitutional rights and guarantees. See, *United States v. Bracewell*, 569 F.2d 1194 (2d Cir. 1978) at pp. 1198–1200, and *United States v. Santarpio*, 560 F.2d 448 (1st Cir. 1977) at p. 455.

We have duly considered appellant's remaining contentions and find them to be without merit.

The decision of the circuit court is affirmed.

All the Justices concur.

---

4. SDCL 23–2–3.5 reads as follows:

Whenever the court finds that funds are available for payment from or on behalf of a defendant to carry out, in whole or in part, the provisions of this chapter, the court may order that the funds be paid, as court costs or as a condition of probation, to the court for deposit with the county treasurer, to be placed in the county general fund or in the

public defender fund in those counties establishing such an office pursuant to subdivision (1) of § 23–2–2 as a reimbursement to the county to carry out the provisions of this section. Such reimbursement shall be a credit against any lien created by the provisions of this chapter against the property of the defendant.