**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Delbert NO NECK, Defendant and Appellant.**

**No. 16840.**

Supreme Court of South Dakota.

Considered on Briefs May 24, 1990.

Decided July 11, 1990.

---

Roger A. Tellinghuisen, Atty. Gen., R. Shawn Tornow, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Randal E. Connelly, Rapid City, for defendant and appellant.

PER CURIAM.

Delbert No Neck (No Neck) was convicted of third degree burglary after trial to the court. No Neck was found to be an habitual offender. He was sentenced to ten years for the burglary conviction and five years for the habitual offender conviction. Additionally, the trial court ordered No Neck to make restitution of $200 to the victim and $651.13 to Pennington county for "jurors' fees and mileage."

No Neck appeals on three grounds. No Neck argues that: he was deprived of his right to trial by jury on the habitual offender charge; the trial court lacked authority to require restitution to the victim; and, the trial court lacked authority to require restitution to the county for "juror's fees and mileage." The trial court is affirmed in all respects except the requirement of restitution to the county.

DECISION

No Neck claims that he did not waive his right to a jury. Review of the trial transcript demonstrates otherwise.

No Neck was scheduled for jury trial on the burglary charge. A jury trial on the habitual offender charge was tentatively scheduled to follow the burglary trial. On the morning of his scheduled jury trial, No

Neck, who was wearing prison garb, refused to dress for, or attend, the trial. On questioning by the trial judge, No Neck stated, "I just want to settle it in Court, I don't want a jury trial, I'm scared of jury trials. I've seen what happened before." The trial judge explained the advantages of a jury trial and the disadvantages of a trial to the court. The trial judge obtained the prosecuting attorney's permission to conduct a trial to the court. No Neck continued to insist on a trial to the court.

The trial judge suggested that a jury be empaneled for the habitual offender charge. No Neck stated, "I don't want no jury trial, I told you." Once again the trial judge explained to No Neck the advantages of a jury trial and disadvantages of a trial to the court. No Neck requested a trial to the court on the habitual offender charge.

A defendant may waive his right to a jury trial. *State v. Thwing*, 84 S.D. 391, 172 N.W.2d 277, 280 (1969). The relevant statute provides that, "[c]ases required to be tried by a jury shall be so tried unless the defendant waives a jury trial in writing or orally on the record with the approval of the court and the consent of the prosecuting attorney." SDCL 23A–18–1.

Waiver of jury trial is a serious and weighty responsibility that requires the exercise of sound discretion by the trial court. *State v. Aliberti*, 401 N.W.2d 729 (S.D. 1987). In this case, as in *Aliberti*, No Neck's rights to due process were protected by the trial judge's explanation of the benefits of a jury trial and determination that the defendant had waived his right to a jury trial voluntarily, knowingly, intelligently, and with full knowledge of the relevant circumstances and likely consequences. *Id.* at 731.

Having concluded that No Neck waived his rights to jury trial, we turn to the issues raised concerning restitution.

█ The trial court clearly had authority to require restitution to the victim. SDCL 23A–28–3. No Neck contends that the trial court had no authority to order restitution when he was sentenced to the penitentiary with no suspension of sentence. We recently addressed this same argument and found it to lack merit. *State v. Wolff*, 438 N.W.2d 199 (S.D.1989).

█ Finally, No Neck contends that the trial court had no authority to require restitution to the county for "jurors' fees and mileage." We agree and reverse that portion of No Neck's sentence.

It is the policy of this state that "restitution may be made by each violator of the criminal laws to the victims of his criminal activities...." SDCL 23A–28–1. Victim is defined as "any person, ... who has suffered pecuniary damages as a result of the defendant's criminal activities." SDCL 23A–28–2(5). No Neck did not commit any crime in which Pennington county was the "victim." The trial judge had no authority to require No Neck to pay the county for jurors' fees and mileage as "restitution."

A defendant may be required to pay the whole or any part of his prosecution costs. SDCL 23A–27–26. However, *"jurors' fees,"* as items of governmental expense, *are expressly excluded* from the "prosecution costs" which a defendant may be ordered to pay. *Id.* Thus the trial court had no authority to require No Neck to pay the county for jurors' fees and mileage as "prosecution costs."

The trial court's requirement of restitution to the county is reversed. The trial court is affirmed in all other respects.