**Richard HAFNER, Petitioner and Appellant,**

v.

**Walter LEAPLEY, Warden of the South Dakota State Penitentiary, and Dan Jacobson, Chairman of the South Dakota Board of Pardons and Paroles, Appellees.**

No. 18371–a.

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 1994.

Decided July 27, 1994.

James A. Eirinberg, Sioux Falls, for petitioner and appellant.

Mark Barnett, Atty. Gen., Frank E. Geaghan, Asst. Atty. Gen., Pierre, for appellees.

SABERS, Justice.

Richard Hafner appeals an order quashing a writ of habeas corpus. We affirm.

### FACTS

Pursuant to a plea bargain, Hafner pled guilty to one count of second degree rape.

We will not detail the facts underlying the rape conviction because they are not pertinent to the issues on appeal. In return for Hafner's guilty plea, the prosecution agreed to dismiss numerous other rape charges.

On March 16, 1989, Judge Robert Timm sentenced Hafner to thirteen years in the penitentiary. On September 5, 1989, Hafner filed a "Petition for Modification of Sentence" in which he requested a suspension of his sentence "upon conditions that include continued outpatient treatment and such other conditions as are called for in the premises."

Judge Timm considered Hafner's motion and on November 13, 1989, entered an amended order in which he suspended eight years of the thirteen year sentence on condition that:

1. Hafner have no direct contact with the victim.
2. Hafner reimburse the victim for past and future counseling services arising out of the offense.
3. Hafner "pay to the Board of County Commissioners of Codington County the sum of five thousand ($5,000.00) dollars to be used as compensation for the Codington County victim/[witness] assistant."

Hafner was released from prison on January 27, 1991 on parole from the terms of the amended sentence. In February 1992, Hafner filed a petition for writ of habeas corpus. Judge Jon Erickson presided over the habeas corpus proceedings and on November 20, 1992 entered an order quashing the writ of habeas corpus. Apparently, neither the State nor Hafner was aware that an order had been entered. As a result, Hafner did not file a request for certificate of probable cause within thirty days of entry as required by SDCL 21–27–18.1. Judge Erickson issued a certificate of probable cause despite Hafner's untimely motion. Hafner appealed. This Court dismissed the appeal for lack of subject matter jurisdiction because Hafner had failed to satisfy the jurisdictional requirements of SDCL 21–27–18.1.

Hafner then filed a new petition for writ of habeas corpus. Rather than rehear the entire matter, Judge Erickson issued an order vacating his November 20, 1992 order and entered a new order quashing the writ. This time Hafner complied with SDCL 21–27–18.1 and initiated a timely appeal.

## DECISION

■ State contends this Court lacks jurisdiction to entertain this appeal because it claims the trial court could not vacate its order and issue the new order. Under SDCL 15–6–60(b), a court may grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect," or "[a]ny other reason justifying relief from the operation of the judgment."

In his memorandum opinion, the trial judge accepted the fault for neither party knowing that an order quashing the writ had been entered. The trial judge stated, "It strikes the Court that it is impossible to file a motion for a certificate of probable cause within thirty days of the filing of the judgment if the Petitioner is unaware judgment has been filed." He further explained that he was vacating the judgment "[i]n order to correct this problem."

The trial judge clearly identified either "excusable neglect" or "any other reason justifying relief from the operation of the judgment" in support of his decision to vacate the judgment. He then entered a new order and Hafner perfected this appeal and properly invoked this Court's jurisdiction.[1] Having concluded that this Court has jurisdiction to entertain this appeal, we may proceed to address the merits.

■ Hafner contends the trial court had no authority to order him to pay $5,000 to Codington County as compensation for the county victim assistant. In so arguing, Hafner erroneously assumes the $5,000 was "restitution" governed by the restitution statutes

---

1. State also argues that this appeal is moot. The trial court suspended the imposition of sentence on certain conditions. If Hafner violates any of the conditions of his suspended sentence, he may be returned to prison to serve out the rest of his term. Accordingly, the issue of the validity of the conditions of the suspended sentence is not moot.

found at SDCL ch. 23A–28.[2] Hafner's assumption is erroneous because the $5,000 is not restitution, but rather, a condition attached to a suspended sentence.

SDCL 23A–27–18 provides:

Upon conviction, the court having jurisdiction to try the offense may suspend the execution of any sentence imposed during good behavior, *subject to such conditions or restitutions as the court may impose.* The suspension order or judgment can be made only by the court in which the conviction occurred. (emphasis added).

The court's authority to impose conditions is limited only to the extent that the conditions must be reasonable and legal. *White Eagle v. State,* 280 N.W.2d 659 (S.D.1979).[3]

The imposition of conditions more stringent than authorized in applicable statutes was the issue in *State v. Long,* 85 S.D. 431, 185 N.W.2d 472 (1971) and several subsequent cases. In *Long,* the defendant was given a suspended sentence, placed on probation, and ordered to pay certain court costs. Long appealed and argued that the court costs assessed by the trial court exceeded the amount allowed under the statute governing costs. This Court held that because they were ordered as conditions of the suspended sentence and probation, and since probation is a matter of favor with the trial court, the conditions imposed therewith were not limited by the cost statutes. The only limitation this Court imposed was that the costs imposed could not be excessive. *Id.*

This Court applied the same analysis in *State v. Ripperger,* 284 N.W.2d 877 (S.D. 1979). In *Ripperger,* as a condition of probation, the court ordered the defendant to pay witness fees for mileage outside the state even though the witness fee statute did not authorize such a fee. This court held that:

"Probation is a matter of favor and to accomplish the purpose of the statute an exceptional degree of flexibility is essential.... Those costs, however, should not be excessive." Even though SDCL 19–5–1 appears to forbid payment of witness fees for mileage outside the state, the flexibility inherent in [the probation statute] allows such payment if not excessive. We do not believe the fee here is excessive.

*Id.* at 878–79. *See also, State v. Jackson,* 272 N.W.2d 102 (S.D.1978).

As with probation:

[t]he granting of suspended imposition of sentence ... is strictly a matter of grace and rests solely within the discretion of the court. It is not a matter of right or entitlement and the exercise of that discretion includes the imposition of conditions. Further, the only limitation on what conditions may be imposed are that they be legal and reasonable. *State v. Marshall,* 247 N.W.2d 484 (S.D.1976); *Application of Jerrel,* 77 S.D. 487, 93 N.W.2d 614 (1958).

*White Eagle,* 280 N.W.2d at 660. *See also, State v. Bell,* 369 N.W.2d 140 (S.D.1985).

When a convicted criminal asks the court for grace, such as probation or a suspended sentence, the court may impose conditions upon that favor. SDCL 23A–27–18. As this Court held in *Long* and *Ripperger,* those conditions are not limited to the confines of the ordinary statutes. Consequently, trial courts often impose conditions which are not specifically authorized by statute. For ex-

---

2. Under this Court's prior cases respecting restitution, a court cannot require a defendant to make restitution to anyone other than the direct victim of the crime. *State v. Fryer,* 496 N.W.2d 54 (S.D.1993); *State v. No Neck,* 458 N.W.2d 364 (S.D.1990); *State v. Garnett,* 488 N.W.2d 695 (S.D.1992).

Similarly, before restitution may be ordered, the defendant must be made aware of the possibility of restitution and be given the opportunity for a hearing to contest the restitution. *State v. Wolff,* 438 N.W.2d 199 (S.D. 1989); *State v. Tuttle,* 460 N.W.2d 157 (S.D. 1990).

3. Hafner attempts to rely on *State v. Scholten,* 445 N.W.2d 30 (S.D.1989) and *State v. Gillespie,* 445 N.W.2d 661 (S.D.1989). In those cases, the trial court ordered the defendants to confess judgment in favor of the victim. This Court noted that the restitution statutes create a procedure which adequately addresses victim compensation. This Court held that the trial court's conditions were unreasonable because they were merely an attempt to circumvent the procedures established in the restitution statutes. Here, however, the circuit court was not ordering "restitution" and was not attempting to circumvent the procedures within the restitution statutes.

ample, *see State v. Schempp*, 498 N.W.2d 618 (S.D.1993), where, as a condition of a suspended sentence, the trial court ordered Schempp to write a letter of apology to the people of Brookings and publish the letter in the local paper.

Affirmed.

MILLER, C.J., and WUEST, J., concur.

HENDERSON and AMUNDSON, JJ., specially concur.

AMUNDSON, Justice (concurring specially).

There is no question Hafner received a more lenient sentence from the trial court after filing his request for sentence modification. The precedent of this court is that conditions of probation or suspended sentences should be reasonable and should not require excessive payments. *State v. Ripperger*, 284 N.W.2d 877 (S.D.1979); *White Eagle v. State*, 280 N.W.2d 659 (S.D.1979).

The trial court's Amended Sentence requires Hafner to pay $5,000.00 to the Board of County Commissioners of Codington County to be used as compensation for the Codington County victim/assistance assistant. This is in addition to Hafner being responsible for reimbursing the victim for past and future counseling services. The record does not disclose when this $5,000.00 payment is due. Is it payable in installments? Does it accrue interest? How did the trial court determine Hafner had the ability to pay this amount? Should payments for counseling the victim take precedent over the amount owed to Codington County? And, what happens if Hafner does not have the ability to make these payments? It certainly appears that Hafner received grace from the trial court but has he been placed in a position where the opportunity to fail is almost a certainty. This record presents too many questions with no answers.

Admittedly this is not restitution, but just like restitution, the $5,000.00 payment is a condition of the amended suspended sentence. In ordering restitution, trial courts look to see if a defendant is "reasonably able to make" restitution. SDCL 23A–28–1 and – 4. Also SDCL 23A–28–5 provides for a plan of restitution which takes into consideration such things as the defendant's employment circumstances, the defendant's financial condition, and whether ordering restitution will aid the defendant's rehabilitation. Rather than coming out of the clear blue, the trial court should have considered these conditions when ordering the $5,000.00 payment to a non-victim.

The problem in this case is that the excessiveness of this $5,000.00 payment should have been addressed on direct appeal since habeas corpus cannot be used as a substitute for direct appeal. *Goodroad v. Solem*, 406 N.W.2d 141 (S.D.1987). Whether Hafner has been deprived of basic constitutional rights can be reviewed if and when Hafner is incarcerated for failing to comply with this condition/restitution.

I am authorized to state that Justice HENDERSON joins in this special concurrence.