#24299-dismissed-JKM

**2007 SD 102**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

DAVID CHRISTENSEN,                          Petitioner and Appellant,

    v.

DOUGLAS WEBER, Warden,
South Dakota State Penitentiary,            Respondent and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
CLAY COUNTY, SOUTH DAKOTA

* * * *

HONORABLE STEVEN R. JENSEN
Judge

* * * *

GREGORY T. BREWERS of
Strange, Farrell & Johnson, P.C.              Attorneys for petitioner
Sioux Falls, South Dakota                      and appellant.

LAWRENCE E. LONG
Attorney General

CRAIG M. EICHSTADT
Deputy Attorney General                        Attorneys for respondent
Pierre, South Dakota                            and appellee.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 27, 2007

OPINION FILED **10/10/07**

#24299

MEIERHENRY, Justice

[¶1.] This action involves David Christensen's writ of habeas corpus to this Court. Christensen's motion for a certificate of probable cause was untimely before the circuit court. The circuit court granted the motion and certified seven issues for appeal, despite the motion's untimeliness. Christensen then timely filed his notice of appeal to this Court. We dismiss for lack of jurisdiction.

## FACTS AND PROCEDURE

[¶2.] On August 31, 2006, the circuit court signed Findings of Fact and Conclusions of Law and its Order denying Christensen's habeas petition. Notice of Entry was served on October 5, 2006. Christensen filed his motion for certificate of probable cause on October 16, 2006. The circuit court granted parts of the motion and certified seven issues for appeal on October 18, 2006. Christensen timely filed his notice of appeal to this Court on October 26, 2006.

[¶3.] Pursuant to SDCL 21-27-18.1, the last date Christensen could timely file his motion for certificate of probable cause to the circuit court was October 2, 2006.[1]

## ANALYSIS AND DECISION

[¶4.] SDCL 21-27-18.1 governs this action and provides in relevant part:

> A final judgment or order entered under this chapter may not be reviewed by the Supreme Court of this state on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists. A motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered. . . .

---

1. The thirtieth day fell on Saturday, September 30, 2006. The motion was due Monday, October 2, 2006.

-1-

The plain language of this statute indicates that the deadline to file the motion for certificate of probable cause to the circuit court is thirty days from the actual entry of the order, not the notice of entry.[2] This Court has previously interpreted this statute as jurisdictional. Hannon v. Weber, 2001 SD 146, ¶4, 638 NW2d 48, 49. Thus, the motion filed with the circuit court was fourteen days late and is defective.

[¶5.] Christensen requests that we apply the thirty-day limitations period from the time of notice of entry. Christensen asserts that neither his counsel nor State's counsel knew the order had been signed and that the order was not returned to either of them. The certificate of service shows that notice of entry and copies of the order were sent to counsel on October 5, 2006, three days past the expiration of the limitations period. However, there is no notice of entry requirement in SDCL 21-27-18.1 as there is in SDCL ch. 15-26A. As we have previously stated, this Court cannot read into the rule a notice requirement when one does not exist. *Hannon,* 2001 SD 146, ¶4, 638 NW2d at 49.

[¶6.] The State wishes to waive the timeliness issue and proceed on the merits in the interest of judicial economy. The State cites *Loop v. Solem* in support of this request. 398 NW2d 140 (SD 1986). In *Loop*, this Court remanded for a new sentencing to allow for a new appeal period when Loop's appeal was untimely and deprived this Court of jurisdiction under SDCL 23A-32-15. *Id.* at 142. However,

---

2.    SDCL 21-27-18.1 is a Supreme Court Rule last amended July 1, 2002. 2002 SL Ch. 250, §3. The last amendment to this rule extended the period in which a petitioner has to file a motion for a certificate of probable cause to this Court from fifteen days to twenty days upon refusal of the circuit judge to issue a certificate. The rule first appeared in 1983 and was modified in 1986 and 1989. At no time did the rule require notice of entry for the limitations periods to begin.

there is a critical difference between the case before us and the situation in *Loop*. *Loop* was before this Court on a second habeas petition, timely filed, on an ineffective assistance of counsel claim. This Court had jurisdiction when it remanded *Loop* back to the trial court for resentencing in order to effectively reset the limitations period.[3]

[¶7.] The State is correct in its assertion that there are two potential remedies available to Christensen that will allow this Court to consider his petition on the merits. After dismissal, Christensen may return to the circuit court and seek to vacate the order quashing the writ. As in *Hafner*, such action by the circuit court will allow Christensen thirty-days from entry of the new order quashing the writ to refile his motion for certificate of probable cause. *Hafner v. Leapley*, 520 NW2d 252, 253 (SD 1994).[4] If Christensen is denied this remedy he may return to this Court on a second habeas petition and seek the remedy provided in *Loop*. However,

---

3. While we recognize the virtues of the State's judicial economy argument, this cannot overcome lack of jurisdiction.

4. In *Hafner*, this Court held it was proper for the trial court to vacate its original order and issue a new order quashing the writ in order to restart the thirty-day statutory time limit. The circuit court held that it was impossible for Petitioner Hafner to file a motion for certificate of probable cause within thirty days of the filing of the entry of the order because neither State nor Petitioner was aware the judgment had been filed until after the expiration of the thirty days. Pursuant to SDCL 15-6-60(b) the court vacated its original order and issued a new order quashing the writ. Hafner was then timely notified by the State of entry of the order. *Id*. Upon reissuance of the certificate of probable cause, this Court considered Hafner's appeal on the merits. 520 NW2d at 253.

Further, this Court is aware that the one-year statute of limitation for SDCL 15-6-60(b)(1)-(3) may have expired. However, there is no one-year limitation period for SDCL 15-6-60(b)(6), and as affirmed in *Hafner*, this is an appropriate ground upon which to vacate and reissue the order quashing the writ. *Id*.

Christensen is not currently before this Court on a second habeas petition. Our interpretation of SDCL 21-27-18.1 as jurisdictional deprives this Court of the ability to waive the untimeliness of the motion or to proceed with the appeal on the merits.

[¶8.]     The untimeliness of the motion before the circuit court deprived that court of jurisdiction to grant a certificate of probable cause. *Hannon*, 2001 SD 146, ¶8, 638 NW2d 48; *Hafner*, 520 NW2d at 253. Because the circuit court lacked jurisdiction, this Court too lacks jurisdiction to consider the issues certified on appeal.

[¶9.]     Dismissed.

[¶10.]     GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.