#29493-a-JMK
**2022 S.D. 29**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

SPENCER LACROIX,                                    Petitioner and Appellant,

v.

BRENT FLUKE, Warden,
Mike Durfee State Prison,                            Respondent and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE PATRICK T. PARDY
Judge

\* \* \* \*

MANUEL J. DE CASTRO, JR.
Madison, South Dakota                         Attorney for petitioner
                                              and appellant.


JASON R. RAVNSBORG
Attorney General

JENNIFER M. JORGENSON
Assistant Attorney General
Pierre, South Dakota                          Attorneys for respondent
                                              and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
AUGUST 23, 2021
OPINION FILED **05/25/22**

#29493

KERN, Justice

[¶1.]        Spencer LaCroix was charged with the first-degree rape of a child

under thirteen years of age and sexual contact without consent against his daughter

C.L.  Pursuant to a written plea agreement, he pled nolo contendere to both

charges.  The circuit court imposed a lengthy penitentiary sentence for the rape

conviction and a suspended sentence in the county jail for the sexual contact

offense.  Approximately six weeks later, LaCroix filed an amended application for a

writ of habeas corpus alleging that his conviction should be vacated.  LaCroix

claimed that the indictment under which he was charged did not describe a public

offense and that he was convicted and sentenced in violation of the state and federal

constitutional provisions prohibiting an ex post facto application of a criminal

statute.  The habeas court denied his petition but granted LaCroix's motion for a

certificate of probable cause to appeal the question whether there "was an

application of an ex post facto law upon [LaCroix]."  We affirm.

**Facts and Procedural History**

[¶2.]        In 2002, LaCroix lived near Watertown, South Dakota, with his wife

and, at that time, only daughter, C.L., born January 21, 1992.[1]  C.L. turned ten

---

1.        At the outset, we note that the circuit court took judicial notice of the
          underlying criminal file.  While it was not designated as part of the settled
          habeas record by LaCroix, it is available through Odyssey.  However, the
          record is very sparse.  It does not contain any transcripts from any of the
          proceedings involving the charges in this case, including, most relevant here,
          the transcript of the testimony presented to the grand jury and the change of
          plea hearing.  The presentence investigation report (PSI) did not contain
          copies of the police reports, text messages between LaCroix and C.L., or
          records from the Child's Voice forensic interview.  It did include the psycho-
                                                          (continued . . .)

-1-

years of age on January 21, 2002. When C.L. was age 26, she reported to law enforcement that LaCroix had raped her orally and vaginally from the time she was four years of age into her adulthood. In describing the abuse that occurred, C.L. recounted to law enforcement the details of incidents in 2000 through 2018. During law enforcement's interview with LaCroix about the allegations, LaCroix made some limited admissions regarding the offenses.[2]

[¶3.] In 2018, a Codington County grand jury indicted LaCroix for five counts of sexual abuse, three involving C.L.[3] On April 5, 2019, LaCroix filed a

_____

(. . . continued)

sexual evaluation which is the source used by the State to outline many of the facts of the case.

2. Because the police reports are not in the record, some of the background information recounted in this opinion comes from the psycho-sexual report. The evaluator asked LaCroix about text messages referenced in the police reports that LaCroix told law enforcement were from a person using his phone to solicit sexual favors from his daughter. He denied knowledge of the texts claiming his phone had been "hacked." During the evaluation, LaCroix also denied sexually abusing his minor daughters but did admit having been "an unwilling participant" in sexual acts with C.L., claiming she sexually abused him on one occasion when he was intoxicated.

LaCroix also maintained his innocence in a statement submitted for the PSI, asserting that he had no memory of the incident in 2002 because he was intoxicated when it happened. Additionally, he asserted the incident could not have happened in 2002 because he was living in Sioux Falls under strict parole supervision after receiving a penitentiary sentence in 2000 for committing child abuse against C.L. It appears from the record that LaCroix had been released from the penitentiary and placed on parole in 2001.

3. The indictment charged offenses against C.L. in Counts 1–3 to wit: count 1—first-degree rape stemming from an incident "on or about April 13, 2000" in violation of SDCL 22-22-1(1) (Class C felony); count 2—first-degree rape stemming from an incident "on or about January through December 2002" in violation of SDCL 22-22-1(1) (Class C felony); and count 3—sexual contact without consent due to acts committed "on or about May–June, 2018" in

(continued . . .)

motion to dismiss the first-degree rape charges in counts 1 and 2. LaCroix made two challenges to count 2, which alleged an act of first-degree rape of C.L. occurring between January and December of 2002. First, he claimed that the indictment did not "describe a public offense" because the provisions of the specific *statute in place in 2002* criminalized sexual penetration of a child *under ten* years of age and C.L. was ten years of age when LaCroix committed the alleged acts. Additionally, LaCroix argued that the charges were barred by the statute of limitations because the controlling statute required the charges to be filed before the victim was 25 years old or within seven years of the commission of the crime, whichever is longer, and C.L. was 26 at the time the charges were filed.

[¶4.]    LaCroix's motion to dismiss contained a notice of hearing, indicating that the matter would be heard by the court on April 17. However, there is no indication in the record that the April 17 hearing occurred or that LaCroix's challenges were resolved. Instead, on April 23, 2019, LaCroix signed a written plea agreement and waiver of rights wherein he agreed to plead nolo contendere to counts 2 and 3 of the indictment. In return, the State agreed to dismiss the remaining counts and refrain from bringing new charges in connection with its ongoing investigation. The State agreed to cap its sentencing recommendation at 25 years, and the agreement stated that the court had agreed to impose a sentence within this cap. As part of the agreement, LaCroix agreed to waive a non-

---

(. . . continued)
    violation of SDCL 22-22-7.4 (Class 1 misdemeanor). Counts 4 and 5 involved crimes against C.L.'s sister, S.L., and are not at issue here.

exhaustive list of constitutional and statutory rights. The factual basis for the plea was not referenced or set forth in the agreement.

[¶5.] The day after LaCroix signed the agreement, the circuit court rearraigned LaCroix, and he pled nolo contendere to counts 2 and 3 pursuant to the terms of the agreement. The record does not contain a transcript of this hearing. The judgment of conviction reflects that the court found that LaCroix was regularly held to answer and represented by counsel, that his pleas were knowing, voluntary, and intelligent, and that a factual basis existed to support the pleas. The court ordered a PSI report and psycho-sexual evaluation prior to sentencing.

[¶6.] LaCroix appeared before the court for sentencing on July 31, 2019. The court sentenced LaCroix on count 2 (first-degree rape) to serve 25 years in the state penitentiary with five years suspended and payment of fines, fees, and costs. On count 3 (misdemeanor sexual contact without consent), the court imposed a one-year suspended jail sentence in the Codington County Detention Center.[4] LaCroix did not file a direct appeal.

[¶7.] However, shortly thereafter, LaCroix filed a request for court appointed counsel and a pro se application for a writ of habeas corpus, asserting that he was denied effective assistance of counsel. The circuit court granted LaCroix's request and appointed habeas counsel who assisted LaCroix in filing an amended application.[5] In the amended application, LaCroix claimed that his

---

4. LaCroix does not challenge the validity of his conviction for count 3.

5. Appellate counsel herein did not represent LaCroix in the underlying criminal case.

conduct alleged in count 2 of the indictment could not have violated the version of SDCL 22-22-1(1) in effect during the timeframe of his alleged acts because the statute required the victim to be under ten years of age and C.L. was ten years or older when the alleged sexual penetration occurred.[6] In LaCroix's view, he "was charged and pled guilty to a crime that wasn't a crime at the time it was committed and was sentenced for the same." He further asserted that the charges were barred by the statute of limitations because the charges were filed when C.L. was 26 years old and SDCL 22-22-1 required that the charges be filed within seven years of the offense date or prior to the time the victim turns 25 years of age. In support of his argument that his conviction should be vacated, LaCroix's amended application cited the grounds for dismissal of an indictment set forth in SDCL 23A-8-2(5) and (6)[7] and the law governing unconstitutional ex post facto violations.

[¶8.] After ordering the parties to brief the legal issues, the court issued a memorandum opinion on November 9, 2020, denying LaCroix's habeas application. The court characterized LaCroix's habeas argument as asserting only "that his constitutional rights were violated by the ex post facto application of SDCL § 22-22-1." The court determined that LaCroix was not challenging the circuit court's

---

6. *Compare* SDCL 22-22-1(1) (2000) ("Rape is an act of sexual penetration accomplished with any person . . . [i]f the victim is less than *ten* years of age[.]" (emphasis added)), *with* SDCL 22-22-1 (2012) ("Rape is an act of sexual penetration accomplished with any person . . . [i]f the victim is less than *thirteen* years of age[.]" (emphasis added)).

7. SDCL 23A-8-2 provides that on a defendant's motion, "the court must dismiss an indictment" upon certain enumerated grounds, including: "(5) [w]hen it does not describe a public offense"; and "(6) [w]hen it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other bar to the prosecution[.]"

jurisdiction and was not claiming that the court's sentence was unauthorized by law. Rather, in the habeas court's view, LaCroix's claim was non-jurisdictional and was thus waived "when he voluntarily and knowingly pled" nolo contendere pursuant to "a negotiated plea agreement with the State." The court quoted the following language in the plea agreement setting forth LaCroix's acknowledgements and waiver of rights:

>(1) That [LaCroix] had an opportunity to review the entire file herein, including the police reports, the Child's Voice records, the Grand Jury Transcript, the text messages, and all evidence the State has in its possession as given to him by his attorney;
>
>(2) That [LaCroix] had sufficient time to visit about his case with his attorney and is satisfied with the ability and efforts of his attorney;
>
>(3) That "[b]eing fully aware of his constitutional and statutory rights, [LaCroix] hereby waives those rights and enters into this Plea Agreement voluntarily, fully understanding the nature and consequences of his plea."

The court held that this waiver precluded habeas relief.

[¶9.]    After the court filed its memorandum decision, but before the court issued its findings of fact and conclusions of law and order, LaCroix petitioned the habeas court on December 7, 2020, for a certificate of probable cause that an appealable issue exists.[8] The court summarily granted the motion and provided in an order on December 13, 2020 that LaCroix "may appeal" the issue whether the "change in SDCL 22-22-1 was an application of an ex post facto law upon" LaCroix. LaCroix filed a notice of appeal and amended notice of appeal on December 17 and

---

8. LaCroix's motion for a certificate of probable cause did not identify the statute of limitations issue as one for which the habeas court should grant the certificate.

21, 2020, respectively. The court issued its final order denying LaCroix's amended application for a writ of habeas corpus and written findings of facts and conclusions of law on January 4, 2021, incorporating its memorandum decision therein.

[¶10.] LaCroix appeals, asserting that the habeas court erred in dismissing his amended application for a writ of habeas corpus.

## Standard of Review

[¶11.] "The remedy of a writ of habeas corpus is in the nature of a collateral attack on a final judgment, therefore, our scope of review is limited." *Rhines v. Weber*, 2000 S.D. 19, ¶ 8, 608 N.W.2d 303, 306 (cleaned up). "Habeas corpus is not a substitute for direct review . . . . The habeas petitioner has the initial burden to prove by a preponderance of the evidence that he is entitled to relief." *Id.* ¶ 9, 608 N.W.2d at 306 (citation omitted). "We review only (1) whether the court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases whether an incarcerated defendant has been deprived of basic constitutional rights." *Iannarelli v. Young*, 2017 S.D. 71, ¶ 18, 904 N.W.2d 82, 87 (cleaned up). "[T]his Court reviews a habeas court's factual findings under the clearly erroneous standard and legal conclusions under the de novo standard." *Madetzke v. Dooley*, 2018 S.D. 38, ¶ 8, 912 N.W.2d 350, 353 (cleaned up).

## Analysis and Decision

### *Appellate Jurisdiction*

[¶12.] The State raises a twofold argument that this Court has no jurisdiction to hear LaCroix's habeas appeal. First, the State argues that because LaCroix did

not timely file a motion for a certificate of probable cause (CPC) from a final order under SDCL 21-27-18.1, this Court has no jurisdiction.[9] Second, the State alleges that because LaCroix did not appeal from a final order, but rather from the habeas court's memorandum decision, this Court lacks jurisdiction. Because these arguments are potentially dispositive, we examine them in turn.

*Timeliness of Certificate of Probable Cause*

[¶13.]        The State first argues that because the CPC was filed early, it was incorrectly filed and does not meet the requirements for a proper CPC under SDCL 21-27-18.1. A motion seeking issuance of a CPC must be filed within thirty days from the date that a final judgment or order is rendered under SDCL 21-27-18.1. If

---

9.    We have long required the issuance of a CPC in order "to decrease the volume of frivolous appeals from post-conviction proceedings." *Iannarelli*, 2017 S.D. 71, ¶ 19, 904 N.W.2d at 87. Thus, "[r]equiring a certificate of probable cause creates discretionary appellate review of habeas petitions." *Id.* (cleaned up). "This Court has previously interpreted this statute as jurisdictional." *Christensen v. Weber*, 2007 S.D. 102, ¶ 4, 740 N.W.2d 622, 623.

The requirements for a proper CPC are set forth in SDCL 21-27-18.1, which include that it be issued by the circuit court judge who rendered the judgment and that it affirmatively state that an appealable issue exists.

Additionally, the circuit court is required to specifically articulate the probable cause supporting the certificate "in order to confer jurisdiction upon this Court to review the denial of a habeas corpus petition." *Iannarelli*, 2017 S.D. 71, ¶ 19, 904 N.W.2d at 87 (quoting *Lange v. Weber*, 1999 S.D. 138, ¶ 12, 602 N.W.2d 273, 276). This means that the CPC must set forth "a substantial showing of the denial of a constitutional right" and "must indicate which specific issue or issues satisfy the showing of the denial of a constitutional right." *Id.* (quoting *Lange*, 1999 S.D. 138, ¶ 12, 602 N.W.2d at 276). "A 'substantial showing' is a showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Ashley v. Young*, 2014 S.D. 66, ¶ 10, 854 N.W.2d 347, 350 (cleaned up).

the motion is filed beyond thirty days from the date of entry of a final judgment or order, this Court does not have jurisdiction over the appeal. *Christensen v. Weber*, 2007 S.D. 102, ¶ 8, 740 N.W.2d 622, 624.

[¶14.]     Here, LaCroix filed his motion seeking the CPC on December 7, 2020, following the issuance of the habeas court's memorandum decision, which was filed on November 9, 2020. The State did not object to LaCroix's motion for the CPC on the ground that it was prematurely filed. The habeas court issued the CPC on December 13, 2020, allowing LaCroix to appeal the sole issue of whether the change in SDCL 22-22-1 in 2012 created a situation in which he was subjected to an ex post facto law. LaCroix then filed his notice of appeal on December 17, 2020. Subsequently, on January 4, 2021, the habeas court entered its findings of fact, conclusions of law, final judgment, and order denying habeas relief. Notably, this occurred after LaCroix's motion seeking the CPC and the filing of LaCroix's notice of appeal.

[¶15.]     This fact pattern falls within the parameters of SDCL 21-27-18.1 for purposes of providing this Court with jurisdiction. The habeas court did issue a CPC stating that an appealable issue existed. The requirement that the motion seeking issuance of the CPC be made within thirty days from the date of the final judgment or order is a deadline, meaning that it is "a cutoff date for some action." *Deadline*, Black's Law Dictionary (11th ed.); *see Flowers v. Weber*, 2014 S.D. 12, ¶ 3, 844 N.W.2d 363, 363. The thirty-day deadline begins ticking when the final judgment or order is entered and ends after thirty days have passed from the entry of the final judgment or order. Failure to move for a CPC within thirty days from

the entry of the final judgment or order deprives this Court of jurisdiction. *Flowers*, 2014 S.D. 12, ¶ 5, 844 N.W.2d at 364; *Christensen*, 2007 S.D. 102, ¶ 8, 740 N.W.2d at 624. Here, LaCroix moved for the CPC prior to the expiration of the thirty-day deadline, the State did not object to the early filing at the time, and the habeas court granted the CPC. Although LaCroix's filing was premature, he sufficiently complied with SDCL 21-27-18.1 to provide this Court with jurisdiction.

*Notice of Appeal*

[¶16.]    Because SDCL 21-27-18.1 is satisfied and this Court has jurisdiction to hear this appeal in that regard, we next consider the State's argument regarding LaCroix's notice of appeal. In order to seek review of a final order or decision, an appellant must file a notice of appeal. SDCL 15-26A-4. Because "the right to an appeal is purely statutory and no appeal may be taken absent statutory authorization[,]" compliance with the required notice of appeal is mandatory. *See Burlington N. R. Co. v. Circuit Court, Seventh Judicial Circuit, Fall River Cnty.*, 497 N.W.2d 440, 442 (S.D. 1993). The Legislature has provided that appeals to this Court must generally be taken from final judgments. SDCL 15-26A-3. When pursuing a statutory appeal as a matter of right, "[b]efore the expiration of the time to appeal, appellant shall file the notice of appeal." SDCL 15-26A-4.

[¶17.]    The State argues that because LaCroix's notice of appeal was filed before the court entered its final order, he is attempting to appeal an unappealable memorandum decision. *See Jones v. Jones*, 334 N.W.2d 492, 494 (S.D. 1983) (holding that "[the circuit] court's memorandum decision is not reviewable by this

court"). Therefore, the State argues LaCroix's "appeal results in a nullity and confers no jurisdiction on this Court[.]"

[¶18.] Despite this contention, SDCL 15-26A-6 specifically provides for the situation in which a notice of appeal is filed before the entrance of a final order. SDCL 15-26A-6 provides in relevant part that a "written notice of appeal filed before the attestation and filing of such signed judgment or order shall be deemed as filed on the date of the attestation and filing of the judgment or order." Here, even though LaCroix incorrectly labeled the court's memorandum decision as a final order in his notice of appeal, the court later entered a final judgment in the case. Thus, under the plain language of SDCL 15-26A-6, LaCroix's notice of appeal carries the same filing date as the court's final judgment. Accordingly, the State's arguments regarding the notice of appeal are without merit and LaCroix's notice of appeal is sufficient to invoke this Court's appellate jurisdiction.

***Waiver of Rights Through Entry of Plea***

[¶19.] LaCroix contends that the habeas court erred in concluding that he waived his right to challenge his conviction of first-degree rape as alleged in count 2 of the indictment. In particular, he asserts that because he is challenging "the very power of the State to bring [him] into court to answer the charge brought against him[,]" *see United States v. Barboa*, 777 F.2d 1420, 1423 n.3 (10th Cir. 1985), he did not, by pleading nolo contendere, waive the right to assert the jurisdictional defect that the indictment failed to charge a public offense. He further claims that he did not waive the right to assert that he was "subject to an unconstitutional *ex post*

*facto* law." In his view, he "was charged and pled guilty to a crime that wasn't a crime at the time it was committed[.]"

[¶20.] We first address LaCroix's claim that the indictment failed to charge a public offense because the failure to charge a public offense would have deprived the circuit court of jurisdiction to act on the charge and accept LaCroix's guilty plea. *See State v. Outka*, 2014 S.D. 11, ¶¶ 9–12, 844 N.W.2d 598, 603–04 (concluding that because the information charged a public offense, the magistrate court had jurisdiction). As this Court long ago explained, before a court can "act on a criminal charge[,]" the "court must have personal and subject matter jurisdiction[.]" *Honomichl v. State*, 333 N.W.2d 797, 798 (S.D. 1983). We have further concluded that a defendant can challenge, in a request for post-conviction relief, the circuit court's jurisdiction to act on a criminal charge. *Id.* at 798–99. This is because "[s]ubject matter jurisdiction cannot be conferred by agreement, consent, or waiver" or be "acquired by estoppel." *Id.* Also, "[a] judgment rendered by a court without jurisdiction to pronounce it is wholly void and without any force or effect whatever." *State v. Haas*, 446 N.W.2d 62, 64 (S.D. 1989); *see also State v. Neitge*, 2000 S.D. 37, ¶ 9, 607 N.W.2d 258, 260; *State v. Smith*, 2014 S.D. 15, ¶ 9, 844 N.W.2d 626, 628. "Whether the circuit court had jurisdiction in this case is a question of law, reviewable de novo by this Court." *Neitge*, 2000 S.D. 37, ¶ 10, 607 N.W.2d at 260.

[¶21.] Count 2 in the indictment alleged that "*on or about January through December 2002*," LaCroix committed "the public offense" of *first-degree rape*, a Class C felony, in violation of SDCL 22-22-1(1), "in that said individual did commit an act of sexual penetration with C.L. who was less than thirteen (13) years of age[.]"

(Emphasis added.) In 2002, first-degree rape was a crime for which a person could be prosecuted pursuant to SDCL 22-22-1(1). However, in 2002, the crime defined in SDCL 22-22-1(1) was classified as a Class 1 felony, not a Class C felony; and the statute required that the victim be under ten years of age, not less than 13 years of age.

[¶22.] Nevertheless, the record establishes that C.L. was born on January 21, 1992, which means she was under ten years of age prior to January 21, 2002, a date within the range of dates alleged in the indictment. Further, a Class C felony carries the same maximum penitentiary sentence of life in prison as that available for a Class 1 felony in 2002.[10] Because count 2 of the indictment cites the relevant statute and provides a factual allegation regarding conduct, which if proven, would establish a first-degree rape under the version of SDCL 22-22-1(1) in effect in 2002, it alleges a public offense for which LaCroix could be prosecuted. *See Outka*, 2014 S.D. 11, ¶ 11, 844 N.W.2d at 603 (determining from the face of the indictment that it was sufficient to charge a public offense).

[¶23.] The defects in the indictment upon which LaCroix was convicted did not deprive the circuit court of jurisdiction to enter a judgment against LaCroix for first-degree rape. As the Court in *Outka* concluded, neither an error in the citation of the statute nor a failure to include an element of the offense are jurisdictional defects. 2014 S.D. 11, ¶¶ 16, 19, 844 N.W.2d at 605. Rather, they are defects that

---

10. A Class C felony also provides that a fine up to $50,000 can be imposed. In 2002, a person convicted of a Class 1 felony could only be fined up to $25,000. Here, the circuit court imposed a $250 fine as part of LaCroix's sentence, well under the maximum allowed for a Class 1 felony in 2002.

must be raised and resolved prior to trial. Under SDCL 23A-8-3(3), "[d]efenses and objections based on defects in the indictment" other than a defect that "fails to show jurisdiction in the court or to charge an offense" "must be raised prior to trial[.]" Here, while LaCroix filed a motion to dismiss the indictment prior to trial based on the same errors in the indictment he now asserts on habeas review, he did not request a ruling from the circuit court in the underlying criminal case on his motion and instead pled nolo contendere. Thus, he waived the right to assert an objection to these defects on habeas. *See generally Outka*, 2014 S.D. 11, 844 N.W.2d 598 (noting that non-jurisdictional errors are waived by pleading guilty).[11]

[¶24.]      Having concluded that the indictment charged a public offense, we next examine LaCroix's further claim that he was subject to an ex post facto application of the amended version of SDCL 22-22-1(1) because, in his view, C.L. was "ten (10) years old, or older, at the time the crimes were allegedly committed[,]" rather than under ten years old as required by the version of the statute in effect in 2002. LaCroix's characterization of his issue as an ex post facto violation is misplaced. An ex post facto violation occurs when a law "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed[.]" *Stumes v. Delano*, 508 N.W.2d 366, 371 (S.D. 1993) (citation omitted). An ex post facto violation also occurs when a law, although not retroactive on its face, is applied to events that occurred prior to its effective date. *See, e.g., State v. Blakey*, 399 N.W.2d 317, 318 (S.D. 1987)

---

11.     We are unable to reach the merits of LaCroix's non-jurisdictional argument for the additional reason that he failed to challenge the indictment in a direct appeal and has not offered any justification to excuse his procedural default.

(examining whether a statute, not enacted to apply retroactively, was applied in an ex post facto manner). Here, however, LaCroix's indictment alleged a timeframe of conduct during which LaCroix's act could have constituted first-degree rape under the then-existing version of SDCL 22-22-1. Therefore, he was not subjected to punishment for an act not punishable at the time it was committed, nor was he subjected to an additional punishment because the sentence he received was within the confines of the maximum possible punishment for sexual penetration with a person under ten years of age under the applicable statute.

[¶25.]    LaCroix's claim instead presents a challenge to the factual basis underlying his conviction. In this regard, the State asserts that LaCroix waived the right to challenge the factual basis, and further asserts that such issue is non-jurisdictional and outside the scope of habeas review.[12] Whether C.L. was under ten years old at the time of the alleged rape, such that LaCroix could be found guilty under the 2002 version of the statute, was a fact LaCroix could have submitted to the trier of fact, if disputed, but instead he waived his right to do so by pleading nolo contendere to the charged offense. Moreover, by pleading nolo contendere, LaCroix waived the right to challenge on appeal or in a habeas action the factual basis supporting his conviction. As the Sixth Circuit Court of Appeals explained, "[l]ike a plea of guilty, a plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional defects[,]'" including "*the right to contest the factual merits of the charges against him.*" *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) (citations omitted) (emphasis added); *see also United States v. Bessemer and*

_____

12.    LaCroix did not file a reply brief in this appeal.

*Lake Erie R.R. Co.*, 717 F.2d 593, 597–98 (D.C. Cir. 1983) ("Convictions pursuant to a nolo [contendere] plea cannot be attacked on the merits, and can only be challenged by showing defects that affect the court's subject matter jurisdiction, or by showing that the indictment 'fails to charge an offense.'" (citation omitted)).

[¶26.]     This Court has similarly stated that "[a] plea of nolo contendere has the same effect as a guilty plea in waiving nonjurisdictional defects." *State v. Hoeft*, 1999 S.D. 24, ¶ 12, 594 N.W.2d 323, 326. We have also said, in the context of guilty pleas, that "[t]he failure of a trial court to establish a factual basis does not reach the constitutional or jurisdictional proportions necessary to bring the question within the scope of habeas corpus." *McDonough v. Weber*, 2015 S.D. 1, ¶ 18, 859 N.W.2d 26, 35. Therefore, while a court may not be required to establish a factual basis before accepting a plea of nolo contendere, *see* SDCL 23A-7-2 and SDCL 23A-7-14, LaCroix waived, similar to a defendant who pleads guilty, the right to challenge, via a habeas petition, whether sufficient facts existed to support his conviction. *See McDonough*, 2015 S.D. 1, ¶ 20, 859 N.W.2d at 36 (precluding collateral attack asserting that the record fails to present a clear factual basis to support court's acceptance of guilty plea).

### *Statute of Limitations*

[¶27.]     Finally, in his brief, LaCroix argues that the State was required to file the charges at issue against him "within seven (7) years [of the alleged act], or by the time 'C.L.' had turned twenty-five (25) years old" in accordance with SDCL 22-22-1 (2000). The State contends that LaCroix's claim that these charges violated the statute of limitations is a non-jurisdictional defect waived by LaCroix foregoing

his hearing on his motion raising the statute of limitations issue and instead entering pleas of nolo contendere to counts 2 and 3 of the indictment. Regardless of whether LaCroix waived the statute of limitation issue, we are precluded from addressing this claim in this appeal because it was not certified by the habeas court in its CPC. Our review is limited to consideration of only those issues certified for probable cause by the habeas court under SDCL 21-27-18.1.

[¶28.] Because LaCroix has failed to assert a claim upon which his judgment could be void, we affirm the habeas court's denial of LaCroix's application for habeas corpus relief.

[¶29.] JENSEN, Chief Justice, and SALTER, DEVANEY, and MYREN, Justices, concur.