#26486, #26490-a-LSW
**2013 S.D. 64**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

(#26486, #26490)

RABO AGRIFINANCE, INC., f/k/a
AG SERVICES OF AMERICA, INC.,
and RABO AGRISERVICES, INC.,                    Plaintiffs,

    v.

ROCK CREEK FARMS,                                Defendant and Appellant
                                                 Appeal #26486,

    and

DAVID M. FINNEMAN; CONNIE S.
FINNEMAN; SUCCESSORS IN INTEREST
TO DAVID M. FINNEMAN and CONNIE S.
FINNEMAN, d/b/a AIRPORT FARMS,                   Defendants and Appellants
                                                 Appeal #26490,

    and

MICHAEL ARNOLDY and ANN ARNOLDY,                 Defendants and Appellees,

FARM CREDIT SERVICES OF AMERICA,
f/k/a FARM CREDIT SERVICES OF THE
MIDLANDS FCLA; BLACK HILLS FEDERAL
CREDIT UNION; LUTZ/LAIDLAW
PARTNERSHIP; AXA EQUITABLE LIFE
INSURANCE COMPANY; LAIDLAW FAMILY
PARTNERSHIP; TOM J. WIPF; AMY WIPF;
JOHNNY JAY WIPF, d/b/a WIPF FARMS;
JOANN WIPF; CEN-DAK LEASING OF NORTH
DAKOTA, INC.; SHEEHAN MACK SALES AND
EQUIPMENT, INC.; FARM CAPITAL COMPANY,
LLC; DANIEL R. MAHONEY; PORTFOLIO
RECOVERY ASSOCIATES, LLC; PFISTER HYBRID
CORN CO.; KAUP SEED & FERTILIZER, INC.;
JOYCE M. WOLKEN; CHARLES W. WOLKEN;
STAN ANDERSON; DENNIS ANDERSON;
KENT KJERSTAD; WILLIAM J. HUBER;
KENDA K. HUBER; YU BLUE SNI, LLC;

                                                 CONSIDERED ON BRIEFS
                                                 ON APRIL 22, 2013
                                                 OPINION FILED **08/21/13**

U.S. BANCORP EQUIPMENT FINANCE, INC.;
KENCO INC., d/b/a WARNE CHEMICAL &
EQUIPMENT COMPANY, INC.; DOUG
KROEPLIN AG SERVICES, INC.; CREDICO,
INC., d/b/a CREDIT COLLECTIONS BUREAU;
SCOT D. EISENBRAUN; MELODY
EISENBRAUN; BART CHENEY; HAL
OBERLANDER; KEI OBERLANDER; RAY
S. OLSEN; PATRICK X. TRASK; ROSE MARY
TRASK; PENNINGTON COUNTY,
SOUTH DAKOTA; MEADE COUNTY,
SOUTH DAKOTA; and
THE UNITED STATES OF AMERICA,            Defendants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA
* * * *

THE HONORABLE CRAIG A. PFEIFLE
Judge
* * * *

STEVEN W. SANFORD
ALEX M. HAGEN of
Cadwell, Sanford, Deibert & Garry, LLP
Sioux Falls, South Dakota
         and
BRIAN L. UTZMAN of
Smoot & Utzman, PC
Rapid City, South Dakota                 Attorneys for defendant and
                                         appellant Rock Creek Farms
                                         Appeal #26486.


JAMES P. HURLEY of
Bangs, McCullen, Butler,
  Foye & Simmons, LLP
Rapid City, South Dakota                 Attorneys for defendants
                                         and appellants Finnemans
                                         Appeal #26490.


VINCE M. ROCHE
ELIZABETH S. HERTZ of
Davenport, Evans, Hurwitz & Smith, LLP
Sioux Falls, South Dakota
         and
ROBERT R. SCHAUB of
Sundall, Schaub & Fox, PC
Chamberlain, South Dakota                Attorneys for defendants and
                                         appellees Arnoldys.

WILBUR, Justice

[¶1.]       David and Connie Finneman (Finnemans) (Appeal No. 26490) and Rock Creek Farms (RCF) (Appeal No. 26486), collectively referred to as Appellants, appeal the trial court's denial of Appellants' motions pursuant to SDCL 15-6-60(b) (Rule 60(b)).  We affirm.[1]

**FACTS AND PROCEDURAL BACKGROUND**

[¶2.]       Finnemans owned nearly 17,000 acres of farmland in Pennington and Meade Counties.  The property was the subject of many mortgages, liens, and judgments.

[¶3.]       In an effort to save their family farm from foreclosure, Finnemans deeded the property to RCF, an entity formed by Finnemans and an outside investor.  RCF, Finnemans' successor in interest, funded a series of redemptions of the property.  Michael and Ann Arnoldy (Arnoldys), brother and sister, purchased existing judgments on the property.

[¶4.]       In July 2009, Rabo Agrifinance, Inc. and Rabo AgServices, Inc. (Rabo) initiated foreclosure proceedings (Rabo foreclosure) against Finnemans, RCF, and all parties who had or may have had an ownership or leasehold interest in the land.  In the foreclosure pleadings, Rabo asserted: "The terms of the Loan Restructure Agreement further provide that David M. Finneman and Connie S. Finneman agree to waive all redemption rights to Rabo under any successful foreclosure by Rabo on any of the properties covered by the original mortgage and note, and any additions

---

1.      Because Appellants' interests are aligned in Appeal No. 26486 and in Appeal No. 26490, we combine our analysis of the issues presented in both appeals into a single, written opinion.

or amendments thereto." Further, Rabo sought the court to "enter an order waiving all redemption rights held by Defendants David M. Finneman and Connie S. Finneman and Rock Creek Farms, successors in interest to David M. Finneman and Connie S. Finneman pursuant to the terms of the loan restructure agreement[.]"

[¶5.]        In late 2009, Rabo moved for judgment on the pleadings. On January 15, 2010, Judge John J. Delaney granted the motion and entered a judgment and decree of foreclosure in the Rabo foreclosure proceedings. Contrary to the foreclosure pleadings, the judgment and decree of foreclosure stated in pertinent part: "In particular, and notwithstanding any contrary or other provisions of the Mortgage or any related agreements, Defendant Rock Creek Farms is determined and adjudged to have the owner's right of redemption for a period of one year and other redemption rights under SDCL Chapter 21-52." Further, the order stated: "Plaintiff's Motion for Judgment on the Pleadings shall be and hereby is in all respects granted." Arnoldys did not appeal from the Rabo foreclosure judgment or file a post-judgment motion disputing the provisions of the judgment at that time.[2]

---

2.    In October 2008, Arnoldys sought a declaratory judgment in a separate, but related foreclosure action, and alleged that prior judgments were void under the confession of judgment statute, and later, amended that complaint to allege that Finnemans confessed judgments in an attempt to delay or defraud Arnoldys, as creditors. Judge A.P. "Pete" Fuller granted Arnoldys' motion for summary judgment in the declaratory judgment action and Finnemans appealed to this Court. *See Arnoldy v. Mahoney* (*Arnoldy I*), 2010 S.D. 89, 791 N.W.2d 645. This Court affirmed in part and reversed the portion of Judge Fuller's decision that granted summary judgment in favor of Arnoldys on their claims that the judgments were void for failing to satisfy the requirements of the confession of judgment statute and on their claims of delay, fraud, and deceit relating to the confession of judgment statute. *Id.* ¶¶ 36-48.

(continued . . .)

[¶6.]     In August 2010, RCF's counsel sent correspondence to Arnoldys' counsel, enclosing the judgment and decree of foreclosure, which stated: "Rock Creek Farms is adjudged as having the final owner's right of redemption as to the entirety of the property, which is res judicata as concerns our respective clients and their disputes."

[¶7.]     On May 12, 2011, Arnoldys sought to have the judgment and decree of foreclosure set aside by filing a motion for relief pursuant to SDCL 15-6-60(b). Judge Delaney entered an order on May 26, 2011, which granted Arnoldys' motion and vacated the portion of the judgment on the pleadings and decree of foreclosure that recognized RCF's final redemption rights. RCF filed motions to reconsider, for a new trial, for relief from judgment, and for a stay, or alternatively, for a temporary restraining order. Judge Delaney denied these motions on July 12, 2011. RCF and Finnemans each then appealed Judge Delaney's May 26, 2011 ruling to

_____

(. . . continued)
     During March 2011 and following this Court's decision in *Arnoldy I*, RCF moved for summary judgment in the declaratory judgment action on the basis of the res judicata effect of the Rabo foreclosure judgment and decree of foreclosure entered in January 2010 by Judge Delaney. RCF contended that the Rabo foreclosure judgment and decree of foreclosure declared RCF's owner's final right of redemption valid. In April 2011, Judge James W. Anderson, who was assigned to *Arnoldy I*, granted RCF's motion for summary judgment concluding that Arnoldys were barred by the principles of res judicata from disputing the validity of RCF's owner's final redemption rights. Judge Anderson's grant of summary judgment in favor of RCF is the subject of another appeal to this Court. *See Arnoldy v. Finneman* (Appeal No. 26031).

this Court.[3] In March 2012, this Court dismissed these appeals because the United States, a party defendant, was not timely served with the notice of appeal. *Rabo Agrifinance, Inc. v. Rock Creek Farms* (*Rabo I*), 2012 S.D. 20, 813 N.W.2d 122.

[¶8.]     On May 10, 2012, RCF sought relief from Judge Delaney's May 26, 2011 order at the trial court level pursuant to SDCL 15-6-60(b). Finnemans joined RCF in its motion to set aside the judgment. On May 29, 2012, Finnemans filed their own motion pursuant to SDCL 15-6-60(b), and additionally, asked the trial court to void the sheriff's deed that had been issued to Ann Arnoldy, as a result of the May 26, 2011 order. There are no affidavits in support of these motions in the record.

[¶9.]     A motions hearing was held before Judge Craig A. Pfeifle[4] on July 24, 2012. Judge Pfeifle concluded that Rule 60(b) relief was not appropriate and denied relief. At the hearing, Judge Pfeifle stated:

---

3.     The issues presented by both RCF and Finnemans on appeal to this Court in *Rabo I* were:

> a. Did the Trial Court err in stripping RCF of its owner[']s rights of redemption and awarding those rights to the Arnoldys[.]
>
> b. Did the Trial Court err in granting Arnoldys' Rule 60(b) [motion] . . . approximately Sixteen (16) months after the Trial Court entered its Judgment and Decree of Foreclosure[.]
>
> c. Is RCF entitled to a[n] extension of the time period in which it may exercise its owner[']s rights of redemption when the Trial Court stripped it of those rights prior to their expiration[.]

4.     Judge Pfeifle was assigned to *Rabo v. Rock Creek Farms* and *Rabo v. Finneman* following Judge Delaney's retirement.

> [W]hile the parties have made some arguments as it relates to factual grounds or reasons to suggest that the application of Rule 60(b) is appropriate, it is going to be my determination that in this particular case the application for Rule 60(b) relief is an effort to change the result which was otherwise unsuccessful at the South Dakota Supreme Court, and I do not believe Rule 60(b) is an avenue to which a party can seek relief if an unfavorable result, including one based upon jurisdictional determinations, is issued by the Supreme Court of South Dakota.
>
> Obviously that's a determination that the Supreme Court will make again, but my determination is going to be that a Rule 60(b) motion at this point in time is not appropriate and the motion will be denied in light of the Supreme Court's opinion dismissing the appeal in this case on the underlying appeal.

Judge Pfeifle entered an order on August 10, 2012, to this effect.

[¶10.]    The issues in this appeal are:

1.    Whether the trial court erred when it determined that a Rule 60(b) motion was not appropriate and denied relief.

2.    Whether the trial court erred in denying Appellants relief from Judge Delaney's May 26, 2011 order.

## STANDARD OF REVEW

[¶11.]    The parties disagree as to the applicable standard of review for this appeal. Arnoldys assert that the appropriate standard of review is abuse of discretion. *Corcoran v. McCarthy*, 2010 S.D. 7, ¶ 13, 778 N.W.2d 141, 146 (stating that "[t]he decision to grant or deny a Rule 60(b) motion rests within the sound discretion of the [trial] court and will not be disturbed on appeal except for an abuse of discretion"). Conversely, RCF argues that Judge Pfeifle determined that he lacked authority to consider a Rule 60(b) motion. Thus, RCF contends that de novo review is appropriate where a Rule 60(b) motion is denied because of a court's perceived lack of authority to consider the motion. *Lowry v. McDonnell Douglas*

-5-

*Corp.*, 211 F.3d 457, 460 (8th Cir. 2000) (quoting *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986)) (stating that "'we review the district court's power to entertain a motion for relief' in the first instance de novo").

[¶12.] While we ordinarily review a trial court's decision to grant or deny a Rule 60(b) motion under an abuse of discretion, Judge Pfeifle decided the Rule 60(b) motions as a matter of law based on undisputed facts. Indeed, Appellants' Rule 60(b) motions were not accompanied by any affidavits in support of the motions. Judge Pfeifle recognized that the parties had each made "arguments as it relate[d] to factual grounds or reasons to suggest that the application of Rule 60(b) [was] appropriate[.]" Judge Pfeifle, however, determined that "in this particular case[,] the application for Rule 60(b) relief [was] an effort to change the result which was otherwise unsuccessful at the South Dakota Supreme Court" and that a Rule 60(b) motion was not appropriate for this purpose. On this basis, Judge Pfeifle denied relief as a matter of law. Thus, we will review his determination under the de novo standard of review. *See Rindal v. Sohler*, 2003 S.D. 24, ¶ 6, 658 N.W.2d 769, 771 (stating "[q]uestions of law are reviewed de novo").

**DECISION**

[¶13.] In their briefs to this Court regarding the propriety of Judge Pfeifle's Rule 60(b) determination, Appellants focus on the merits of Judge Delaney's May 26, 2011 order. In its initial brief to this Court, RCF states the underlying purpose of its Rule 60(b) motion: "RCF seeks nothing more than . . . the opportunity to be heard in explaining why Judge Delaney never should have considered the Arnoldys' motion for 60(b) relief and why the decision he issued was a gross miscarriage of

justice." Likewise, Finnemans' initial brief to this Court states: "This appeal concerns the action of the trial court stripping from the Finnemans . . . their owners' statutory rights to redeem their land from foreclosure." Further, in the Rule 60(b) motion hearing before Judge Pfeifle, counsel for RCF stated:

> So, in fact, review of Judge Delaney's decision has been denied [by the dismissal of the appeal in *Rabo I*]. It's never happened. For that reason, we have brought our own Rule 60(b) motion premised on subparts 1 and 6; that is, mistake, inadvertence, surprise, excusable neglect, which was number 1, and subpart 6, any other reason justifying relief from the operation of the judgment.
>
> So one of the questions is, what more important principle other than justice would prevent this [c]ourt from hearing the merits of the Rule 60(b) motion. *And we believe that there is no principle of higher importance that, in fact, precludes this [c]ourt from reviewing Judge Delaney's remarkable decision.*
>
> And, in fact, subpart 1 relating to mistake, inadvertence, surprise, or excusable neglect, under that theory, under that statute, an overriding principle from the *Gold Pan* case is that a client should not suffer the misfortunes of counsel's technical error as it was in this case.
>
> So we believe that this situation fits squarely within part 1 and, frankly, part 6. The idea is that, of course, we didn't try to scuttle our appeal. That's most certain. So we didn't take deliberate action to not get review by the Supreme Court so we could come back here.
>
> As the [c]ourt can imagine, we'd much rather have the case decided on the merits by the Supreme Court because that's what we set out to do, but based on a technical error that didn't happen.
>
> So we believe the *Gold Pan* case fits these circumstances squarely and there is no impediment of that sort for dismissal of the appeal to consider the Rule 60(b) motion.

(Emphasis added.)

[¶14.]      A "Rule 60(b) [motion] . . . 'is not a substitute for an appeal. It does not allow relitigation of issues that have been resolved by the judgment. Instead it

refers to some change in conditions that makes continued enforcement inequitable.'" *Lowe v. Schwartz*, 2006 S.D. 48, ¶ 10, 716 N.W.2d 777, 779 (quoting *Sjomeling v. Stuber*, 2000 S.D. 103, ¶ 14, 615 N.W.2d 613, 616). Accordingly, "an appeal from a Rule 60(b) decision does not bring the original judgment up for review, but only the decision on the request for relief from the judgment under Rule 60(b)." *Id.* (quoting *Chester v. St. Louis Hous. Auth.*, 820 F.2d 259, 260 (8th Cir. 1987)).

[¶15.]    It is apparent that the purpose of Appellants' Rule 60(b) motions was to raise arguments pertaining to the original judgment, Judge Delaney's May 26, 2011 order. However, we may only review Judge Pfeifle's decision and not Judge Delaney's May 26, 2011 order. Thus, the only question before this Court is whether Judge Pfeifle erred as a matter of law when he determined that Appellants' Rule 60(b) motions were not appropriate and denied relief. We cannot pass judgment on Appellants' arguments related to the underlying May 26, 2011 order.[5]

[¶16.]    Furthermore, Appellants maintained similar underlying arguments in their Rule 60(b) motions before Judge Pfeifle and in their opposition to the motion to dismiss in *Rabo I*. "The purpose of Rule 60(b) is to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscious [sic] that justice be done in light of all of the facts." *Glover v. Krambeck*,

---

5.    Finnemans argue the validity of the sheriff's deed, which was authorized by the May 26, 2011 order. Finnemans claim that they were not provided notice or an opportunity to be heard concerning the issuance of this deed. In response, Arnoldys assert that the deed was issued as a result of the May 26, 2011 order and that Finnemans had notice and the opportunity to make arguments regarding the sheriff's deed at various motion hearings prior to the May 26, 2011 order. Because we do not pass judgment on Appellants' arguments related to the underlying May 26, 2011 order, we need not address Finnemans' argument regarding the issuance of the sheriff's deed.

2007 S.D. 11, ¶ 10, 727 N.W.2d 801, 804 (quoting *Reaser v. Reaser*, 2004 S.D. 116, ¶ 16, 688 N.W.2d 429, 434). *See Hrachovec v. Kaarup*, 516 N.W.2d 309, 311 (S.D. 1994) (quoting *Peterson v. La Croix*, 420 N.W.2d 18, 19 (S.D. 1988) (stating that "The purpose of Rule 60(b) is to 'preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's *conscience* that justice be done in light of all of the facts'") (emphasis added)). However, "Rule 60[(b)] should not be utilized . . . as a vehicle to circumvent any default concerning appellate rights." *In re Tidwell*, 139 F. Supp. 2d 343, 344 (W.D.N.Y. 2000).

[¶17.]     In *Rabo I*, Appellants made several arguments in opposition to the motion to dismiss. 2012 S.D. 20, ¶¶ 10-18, 813 N.W.2d at 126-30. First, Appellants argued that statutory and case law authority made clear that only timely *filing* of a notice of appeal was jurisdictional and could not be suspended or waived. *Id.* ¶¶ 10-11, 813 N.W.2d at 126-27. Second, Appellants asserted "that the United States was not a party entitled to service of the notice of appeal because it lost its party status by failing to act on its redemption rights and by allowing those rights to lapse." *Id.* ¶ 12, 813 N.W.2d at 127.[6] Lastly, Appellants "request[ed] that this Court exercise discretion to waive the requirement of timely service of the notice of appeal or

---

6.     We observed in *Rabo I* that Appellants had listed the United States as a defendant on the captions of pleadings and other formal legal documents filed in the case, and yet, "[t]he certificates of service accompanying both [Appellants'] notices of appeal fail[ed] to reflect service on the United States." 2012 S.D. 20, ¶ 8, 813 N.W.2d at 126. The record in this case demonstrates that RCF served the United States as a defendant in the action with an affidavit on June 20, 2011, a few weeks prior to RCF's July 12, 2011 notice of appeal in *Rabo I*.

permit [Appellants] to otherwise cure their procedural default." *Id.* ¶ 17, 813 N.W.2d at 129.

[¶18.] Similarly, in support of their Rule 60(b) motions to Judge Pfeifle, Appellants argued that they should not suffer the consequences—the dismissal of the appeal in *Rabo I*—because of their counsel's failure to recognize the United States' status as a party and their counsel's failure to timely serve the United States with a notice of appeal. Appellants maintained that this mistake was excusable under either SDCL 15-6-60(b)(1) or (6).

[¶19.] In *Rabo I*, we determined that the failure to timely serve the United States with a notice of appeal was jurisdictionally fatal to the appeal. *Id.* ¶ 9, 813 N.W.2d at 126. In support of this conclusion, we outlined a body of South Dakota case law holding that the failure to timely file and serve a notice of appeal is jurisdictionally fatal to an appeal. *See id.* ¶ 11, 813 N.W.2d at 127 (citing case law that recognizes the requirements of timely filing and service of a notice of appeal and the lack of such filing and service is fatal to an appeal). We also held that "the United States was named as a party defendant, served as a party defendant, answered as a party defendant, and appeared and participated in the case below. Clearly, the United States was a party entitled to service of the notice of appeal." *Id.* ¶ 14, 813 N.W.2d at 128.

[¶20.] Essentially, Appellants requested that Judge Pfeifle relieve them from this Court's dismissal of the appeal in *Rabo I* by means of a rule of trial court procedure, a Rule 60(b) motion. However, this Court has already held in *Rabo I* that Appellants' failure to timely serve the United States, a party defendant, was

jurisdictionally fatal to their appeal. *Id.* ¶¶ 9, 14, 813 N.W.2d at 126, 128. Thus, for Judge Pfeifle to rule on whether Appellants' counsel's failure to serve the United States warranted relief under a Rule 60(b) motion, he would have had to reconsider this Court's decision in *Rabo I* on the necessity of service of a notice of appeal and the United States' status as a party defendant. Judge Pfeifle correctly concluded that a Rule 60(b) motion was not appropriate for this purpose. Further, to allow relief to Appellants under Rule 60(b) after their failure to timely serve a notice of appeal on the United States would eviscerate the effect of our decision in *Rabo I* and the body of previous case law that requires timely service of the notice of appeal on party defendants.

[¶21.]        Further, we disagree with Appellants' contention that they are entitled to relief under either SDCL 15-6-60(b)(1) or (6). Appellants argue that their counsel's failure to timely serve the United States, a party defendant, was excusable neglect pursuant to SDCL 15-6-60(b)(1) and urge this Court to liberally interpret the term "excusable neglect."

[¶22.]        SDCL 15-6-60(b)(1) provides that "the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . [m]istake, inadvertence, surprise, or excusable neglect[.]" "Excusable neglect must be neglect of a nature that would cause a reasonable, prudent person to act similarly under similar circumstances." *Geier v. Geier*, 2013 S.D. 24, ¶ 19, 828 N.W.2d 804, 810 (quoting *Clarke v. Clarke*, 423 N.W.2d 818, 821 (S.D. 1988)). Additionally, while "[e]xcusable neglect has no fixed meaning[,]" *id.*, a liberal interpretation of the term "excusable neglect" in default judgment cases is an exception to the general

application of the term in any other type of judgment. *See Kuehn v. First Nat'l Bank in Sioux Falls*, 90 S.D. 96, 103, 238 N.W.2d. 490, 494 (1976) (quoting *Davis v. Interstate Motor Carriers Agency*, 85 S.D. 101, 108, 178 N.W.2d 204, 208 (1970) (stating "RCP 6[0](b) gives trial courts a wide discretion to relieve of default which should be exercised by them in the same liberal spirit in which the section (now Rule) was designed, in furtherance of justice and in order that cases may be tried and disposed of upon their merits") (additional quotation marks omitted)); Gregory L. Sattizahn, *Excuses, Excuses, Excuses. Smith v. Hermsen: Relieving a Party from a Default Judgment on the Grounds of Excusable Neglect*, 44 S.D. L. Rev. 171, 179 (1999) (stating that "liberal relief from a *default judgment* is the exception to a strict application of excusable neglect; relief from any other type of judgment will be viewed less sympathetically by the court") (emphasis added). *See also* 11 Charles A. Wright, et al., *Federal Practice & Procedure* § 2857 (3d ed. 2013) (stating that "[t]he cases calling for great liberality in granting Rule 60(b) motions, for the most part, have involved default judgments"). The present case, however, does not involve a default judgment requiring us to liberally construe the phrase "excusable neglect" under SDCL 15-6-60(b)(1).

[¶23.]     The law outlining the necessity of timely service of a notice of appeal on a party defendant was clear prior to *Rabo I*. Indeed, prior case law observed that the failure to timely file and serve a notice of appeal is jurisdictionally fatal to an appeal. Even when faced with this body of prior law, counsel failed to timely serve the United States with a notice of appeal. This is hardly "neglect of a nature that would cause a reasonable, prudent person to act similarly under similar

circumstances." *Geier*, 2013 S.D. 24, ¶ 19, 828 N.W.2d at 810 (quoting *Clarke*, 423 N.W.2d at 821). By failing to timely serve a notice of appeal on a party defendant, counsel committed a mistake of law. This mistake of law is not excusable under SDCL 15-6-60(b)(1). *See Couch v. Private Diagnostic Clinic*, 515 S.E.2d 30, 38 (N.C. Ct. App. 1999) (stating "mistakes of law are not within the contemplation of Rule 60(b)(1)"); 47 Am. Jur. 2d *Judgments* § 691 (stating that "an attorney's negligent mistake, evincing a lack of due care, is not a proper ground for relief from judgment . . . [and] mistakes of law are not excusable neglect"). And furthermore, if we were to afford Appellants relief from their counsel's mistake of law, then any party who could claim that his or her counsel made a mistake of law would be entitled to vacate an unfavorable judgment. This result would certainly run counter to our interest in the finality of judgments.

[¶24.]        In addition, Appellants would not be entitled to relief under the "catchall provision" of SDCL 15-6-60(b)(6). Appellants argue that their counsel's failure to apprehend the United States' status as a party and to timely serve it with a notice of appeal was unfairly imputed to them resulting in the dismissal of their appeal.

[¶25.]        "SDCL 15-6-60(b)(6) allows a court to relieve a party from a final order for any other reason justifying relief from the operation of the judgment." *Estate of Nelson*, 1996 S.D. 27, ¶ 16, 544 N.W.2d 882, 886. "The Rule does not particularize the factors that justify relief, but . . . it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary

circumstances[.]'" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64, 108 S. Ct. 2194, 2204, 100 L. Ed. 2d 855 (1988) (additional citations omitted). Additionally, SDCL 15-6-60(b)(6) "is not to be resorted to when one of the other specific sections of the statute applies." *Estate of Nelson*, 1996 S.D. 27, ¶ 16, 544 N.W.2d at 886; *Liljeberg*, 486 U.S. at 863, 108 S. Ct. at 2204 (stating that "Rule 60(b)(6) . . . grants . . . broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)").

[¶26.]     Appellants argue that both subsections one and six of SDCL 15-6-60(b) are applicable to grant them relief from the judgment. Yet, the record from the motion hearing before Judge Pfeifle demonstrates that Appellants made the same argument regarding the same error under both subsections. *See supra* ¶ 13. In short, Appellants have provided this Court no "other reason" under SDCL 15-6-60(b)(6) other than their counsel's neglect, mistake, or "technical error" in failing to apprehend the United States' status as a party and to timely serve it with a notice of appeal—the same reason they asserted under SDCL 15-6-60(b)(1).

[¶27.]     Furthermore, based on the undisputed facts and a review of the record, this is not a case involving exceptional circumstances warranting relief under SDCL 15-6-60(b)(6). Appellants cite to *Gold Pan Partners, Inc. v. Madsen*, 469 N.W.2d 387 (S.D. 1991) as a basis for relief from their counsel's error under SDCL 15-6-60(b)(6).

*Gold Pan,*[7] however, involves a case where this Court granted relief under SDCL 15-6-60(b)(6) based on significant defects in the estate sale confirmation proceedings caused by the estate attorney in combination with that attorney's erroneous legal advice given to the executrix and legatees. *Gold Pan,* 469 N.W.2d at 391-92. Specifically, the Court noted that the estate attorney knew that the executrix had received offers to purchase the real estate at a significantly greater price than that which was negotiated by the estate attorney in a purchase agreement. *Id.* And, the estate attorney stated in the Order Confirming Sale that "'the sale is for a sum not disproportionate to the value of the property' and 'a greater sum cannot be obtained.'" *Id.* at 392.

[¶28.] *Gold Pan* reveals an attorney's significant errors and deception in an estate sale confirmation proceeding and in his advice to the executrix and legatees, which caused them to forego other greater sale price opportunities. The exceptional circumstances in *Gold Pan* warranting relief under SDCL 15-6-60(b)(6) do not equate with the circumstances of the present appeal. As noted above, case law was clear that the timely service of the notice of appeal on the United States, as a party defendant, was required. Thus, counsel's failure to serve the United States, a party

---

7. We note that the Court in *Gold Pan* determined that the defects in the estate sale confirmation proceedings and the incorrect legal advice by the estate counsel warranted relief under subsection six. The Court, however, without explanation, expressed no opinion as to subsections one, four, and five, which were also cited by the trial court as a basis for relief. *Id.* at 391. This analysis runs counter to other cases involving requests for relief under SDCL 15-6-60(b). SDCL 15-6-60(b)(6) "is not to be resorted to when one of the other specific sections of the statute applies." *Estate of Nelson,* 1996 S.D. 27, ¶ 16, 544 N.W.2d at 886. Thus, in order to have reached subsection six, the Court in *Gold Pan* should have addressed the inapplicability of subsections one, four, or five, prior to analyzing *Gold Pan* under subsection six.

defendant, with a notice of appeal is not an exceptional circumstance warranting relief under SDCL 15-6-60(b)(6).

**CONCLUSION**

[¶29.]     Accordingly, Judge Pfeifle correctly determined that a Rule 60(b) motion was not appropriate and denied relief in this case.  We affirm.[8]

[¶30.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and SEVERSON, Justices, concur.

---

8.     Arnoldys, the appellants in *Arnoldy v. Finneman* (Appeal No. 26031), concede that Appeal No. 26031 will be moot if this Court rejects the present appeals (No. 26486 and No. 26490).  We agree.  As a result of our decision in these combined appeals, Judge Delaney's May 26, 2011 order stands.  That order vacated the January 2010 judgment and decree of foreclosure, which was used as res judicata by Judge Anderson in the declaratory judgment action.  Therefore, we need not address Appeal No. 26031 and it is dismissed.