#29744-r-SPM
**2023 S.D. 54**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

DAVID LEE,                                         Petitioner and Appellee,

    v.

DOUG WEBER, Warden,
South Dakota State Penitentiary,                   Respondent and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE DOUGLAS E. HOFFMAN
Judge

* * * *

MARTY J. JACKLEY
Attorney General

JOHN M. STROHMAN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for respondent
                                        and appellant.


LISA M. PROSTROLLO of
Redstone Law Firm LLP
Sioux Falls, South Dakota               Attorneys for petitioner
                                        and appellee.

* * * *

CONSIDERED ON BRIEFS
APRIL 25, 2022
OPINION FILED **10/18/23**

MYREN, Justice

[¶1.]     David Lee filed a second petition for a writ of habeas corpus in 2004, alleging ineffective assistance of his habeas counsel for failing to seek a certificate of probable cause in his first habeas corpus proceeding.  Lee did not serve the State with the provisional writ until 2019.  The State filed a motion to dismiss, which the circuit court denied.  This Court granted the State's request for a discretionary appeal.  We reverse.

**Factual and Procedural History**

[¶2.]     In 1998, Lee was convicted of second-degree murder and sentenced to life in the penitentiary.  This Court affirmed his conviction on direct appeal in *State v. Lee*, 1999 S.D. 81, 599 N.W.2d 630.  On November 4, 1999, Lee filed a pro se petition for a writ of habeas corpus.  On February 18, 2003, with the assistance of appointed counsel, Lee filed an amended application for a writ of habeas corpus, raising eight grounds for relief.

[¶3.]     Judge Gene Paul Kean presided over that habeas proceeding (CIV99-2609) and issued a detailed and lengthy decision addressing Lee's assertions.  On September 16, 2003, Judge Kean filed an order and final judgment that denied all of Lee's grounds for relief and quashed his writ of habeas corpus.  Lee's habeas counsel did not request a certificate of probable cause to appeal.

[¶4.]     On September 16, 2004, Lee filed a second pro se petition for writ of habeas corpus (CIV04-2065), claiming ineffective assistance of counsel due to his habeas counsel's failure to seek a certificate of probable cause in his first habeas corpus case (CIV99-2609).  The circuit court issued a provisional writ and appointed

counsel on September 26, 2004. On August 29, 2007, Lee filed a second amended application for a writ of habeas corpus in CIV04-2065, asserting ineffective assistance of counsel in the earlier habeas action—CIV99-2609—and incorporating the eight claims previously asserted in CIV99-2609. That same day, the circuit court issued a provisional writ directing the warden respondent to file a return within the time set by statute. On February 14, 2008, the circuit court appointed replacement counsel.

[¶5.]     On October 25, 2018, the circuit court issued an order to show cause as to why the second habeas case—CIV04-2065—should not be dismissed for lack of prosecution. At the show cause hearing, it came to light that the provisional writs had never been served on the respondent. The circuit court directed Lee's counsel to serve the provisional writ so the State could file its return and assert its defenses.

[¶6.]     The State filed its return, which included a motion to dismiss under SDCL 21-27-18.1,[1] SDCL 21-27-4, and SDCL 15-6-12(b)(5). The State argued that the circuit court lacked jurisdiction because Lee did not have the right to effective assistance of habeas counsel. The State also contended that the circuit court lacked "jurisdiction and authority to re-enter an order granting habeas based on an ineffective assistance of counsel to reinstate an appeal after the appeal has been defaulted for failure to request a certificate of probable cause within the appropriate time frame." Lastly, the State argued that Lee could not claim that he was deprived

---

1.     SDCL 21-27-18.1 provides in relevant part:

> A motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered.

of a constitutional or statutory right because he does not have a right to appeal an adverse habeas determination under SDCL 21-27-18.1.

[¶7.]　　　At a hearing on October 8, 2019, the circuit court appointed new counsel for Lee.  On January 16, 2020, Lee filed a motion under SDCL 15-6-60(b)(6), asking the court (CIV04-2065) to enter an order vacating and reentering Judge Kean's 2003 order quashing the writ entered in CIV99-2609 to allow him the opportunity to file a motion for certificate of probable cause to appeal.  The circuit court denied the State's motion to dismiss with an order filed on March 11, 2020.

[¶8.]　　　On July 23, 2021, the State filed a second motion to dismiss.  The State again claimed that Lee did not have a right to effective assistance of counsel for his discretionary habeas appeal.  Additionally, the State argued that Lee's habeas petition in CIV04-2065 was barred by the time limitation imposed in SDCL 21-27-3.3.  Lastly, the State argued that SDCL 15-6-60(b) could not be used to create jurisdiction that was previously extinguished by Lee's failure to request a certificate of probable cause within the time statutorily authorized.  Specifically, the State argued that after the expiration of the statutory 30-day period for filing a motion for a certificate of probable cause under SDCL 21-27-18.1, no court had the authority to issue a certificate of probable cause.

[¶9.]　　　The circuit court filed an order denying the State's second motion to dismiss on August 12, 2021.  This Court granted the State's request for permission for allowance of appeal from an intermediate order.

**Decision**

***Whether Lee's claim that his habeas counsel was
ineffective is cognizable in a habeas corpus proceeding.***

[¶10.]        "Habeas corpus can be used only to review (1) whether the court has

jurisdiction of the crime and the person of the defendant; (2) whether the sentence

was authorized by law; and (3) in certain cases whether an incarcerated defendant

has been deprived of basic constitutional rights.  Habeas corpus is not a remedy to

correct irregular procedures, rather, habeas corpus reaches only jurisdictional

error." *Piper v. Weber*, 2009 S.D. 66, ¶ 7, 771 N.W.2d 352, 355 (quoting *Steichen v.

Weber*, 2009 S.D. 4, ¶ 4, 760 N.W.2d 381, 386).  SDCL 21-27-16 specifies seven

statutory grounds upon which habeas relief may be premised.[2]

---

2.        SDCL 21-27-16 provides:

> If it appears on the return of a writ of habeas corpus that the applicant
> is in custody by virtue of process from any court legally constituted, he
> can be discharged only for one or more of the following causes:
>
> > (1) When the court has exceeded the limit of its jurisdiction,
> > either as to the matter, place, sum, or person;
> > (2) Where, though the original imprisonment was lawful, yet by
> > some act, omission, or event, which has subsequently taken
> > place, the party has become entitled to his discharge;
> > (3) Where the process is defective in some substantial form
> > required by law;
> > (4) Where the process, though in proper form, has been issued in
> > a case or under circumstances where the laws do not allow
> > process or orders for imprisonment or arrest to issue;
> > (5) When, although in proper form, the process has been issued
> > or executed by a person either unauthorized to issue or execute
> > the same, or where the person having the custody of the
> > applicant, under the process, is not the person empowered by
> > law to detain him;
> > (6) Where the process appears to have been obtained by fraud,
> > false pretense, or bribery;
> >
> > (continued . . .)

-4-

[¶11.]     Lee's claim for habeas relief is entirely premised on a denial of a "right" to effective habeas counsel.  There is no federal constitutional right to counsel "when mounting collateral attacks upon their convictions."  *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993, 95 L. Ed. 2d 539.  The federal right to appointed counsel "extends to the first appeal of right, and no further."  *Id.*

[¶12.]     Lee asserts that *Jackson v. Weber*, established a right to effective habeas counsel that can be vindicated as its own claim in a subsequent habeas corpus proceeding.  2001 S.D. 30, 637 N.W.2d 19.  It does not.  Our review of *Jackson* reveals a much narrower holding.  Jackson filed a petition for habeas corpus, which the court denied.  Jackson filed a subsequent habeas corpus action in which he asserted that his counsel in the first habeas proceeding was ineffective because he did not raise a jurisdictional issue relating to the underlying criminal prosecution.  At the time, SDCL 21-27-16.1 (repealed by 2012 S.D. Sess. Laws ch. 118, § 6) was in effect and provided:

> All grounds for relief available to a petitioner under this chapter shall be raised in his original, supplemental or amended application.  Any ground not raised . . . may not be the basis for a subsequent application, unless the court finds grounds for relief asserted which *for reasonable cause* were omitted or inadequately raised in the original, supplemental, or amended application.

(Emphasis added.)  The narrow issue resolved by *Jackson* was whether a showing of ineffective habeas counsel could constitute "reasonable cause" to overcome the

---

(. . . continued)

> (7) Where there is no general law nor any judgment, order, or decree of a court to authorize the process, if in a civil suit, nor any conviction, if in a criminal proceeding.

procedural bar in SDCL 21-27-16.1 that precluded the assertion of any claims omitted or inadequately raised in the original habeas proceeding. The *Jackson* Court employed the *Strickland* standard[3] to assess whether the performance of Jackson's habeas counsel in the first habeas proceeding constituted the "reasonable cause" necessary to authorize a subsequent habeas proceeding that would include the omitted jurisdictional issue.

[¶13.] The South Dakota Constitution does not include a constitutional right to effective assistance of habeas counsel. The *Jackson* Court acknowledged that the Legislature had created a *statutory* right to appointed counsel in habeas proceedings and concluded that the statute "implicitly" required such counsel to be competent. Still, *Jackson* does not stand for the proposition that there is a right to effective assistance of habeas counsel that is cognizable as an independent ground for habeas relief. As the *Jackson* Court noted: "However, ineffective assistance of counsel at a prior habeas proceeding is not alone enough for relief in a later habeas action. Any new effort must eventually be directed to error in the original trial or plea of guilty." *Jackson*, 2001 S.D. 30, ¶ 17, 637 N.W.2d at 23.

[¶14.] In this subsequent habeas proceeding, Lee is not attempting to assert any previously omitted habeas claim related to the original criminal conviction. Instead, he reasserted all the same claims denied by Judge Kean in the first habeas proceeding. Additionally, he asserted that his habeas counsel in that action was ineffective because he did not request a certificate of probable cause to appeal Judge

---

3. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Kean's denial of habeas relief. In other words, the sole new claim in his subsequent habeas proceeding does not assert any error or deficiency in the underlying criminal action.

[¶15.] Lee had no right to appeal Judge Kean's decision absent a certificate of probable cause issued by the habeas court or a member of the Supreme Court. SDCL 21-27-18.1. And he had no right to a certificate of probable cause.[4] Even if his habeas counsel was ineffective, it did not deprive Lee of any constitutional or statutory right which may be vindicated in a habeas corpus proceeding. *See* SDCL 21-27-16. Given our ruling and the absence of any other showing that would warrant relief under SDCL 15-6-60(b), Lee's claim for habeas relief must be denied. We reverse and remand for the entry of an order dismissing this habeas action.

[¶16.] JENSEN, Chief Justice, concurs.

[¶17.] KERN, SALTER, and DEVANEY, Justices, concur specially.

SALTER, Justice (concurring specially).

[¶18.] I join my colleagues in expressing the unanimous view that the circuit court erred when it denied the State's motion to dismiss. I am of the view that *Jackson* was wrongly decided, but it is inapplicable to Lee, in any event, for the reasons expressed by Justice Myren and Justice DeVaney.

---

4. Because there is no right to appeal the denial of a petition for a writ of habeas corpus, the failure of habeas counsel to request a certificate of probable cause is unlike the failure of trial counsel to timely appeal a judgment of conviction. *See Loop v. Solem*, 398 N.W.2d 140 (S.D. 1986); *McBride v. Weber*, 2009 S.D. 14, 763 N.W.2d 527. As Justice Konenkamp noted in his special concurrence in *McBride*, the ability to revive an otherwise expired appeal can be "invoked only in criminal cases." 2009 S.D. 14, ¶ 17, 763 N.W.2d at 534 (Konenkamp, J., concurring specially).

[¶19.]     The only divergent view among the Court relates to whether it is necessary to address the availability of Rule 60(b) relief.  I do not believe it is.

[¶20.]     There is no Rule 60(b) order to review, and the circuit court connected the *potential* for Rule 60(b) relief directly to the idea that it may eventually find that Lee's habeas counsel was ineffective:

> If the Court ultimately determines that the defaulted appeal was due to ineffective assistance of habeas counsel, and finds resulting prejudice . . . then it is the view of this Court that the proper remedy would be, as Petitioner suggests, to vacate the prior Order Quashing Writ in the first habeas case and immediately reenter it, so as to facilitate a timely request for Certificate of Probable Cause to appeal Judge Kean's rulings from September of 2003.

[¶21.]     I am skeptical that Rule 60(b) relief would be authorized in the way the circuit court conceived it for many of the reasons expressed by Justice DeVaney. At best, *Jackson* would have only ever justified Lee's effort to bring a *new, previously unasserted* ground for post-conviction relief in a successive habeas action—something Lee is not attempting to do.  Therefore, having held that the circuit court's legal premise is unsound—i.e. Lee cannot use ineffective assistance of habeas counsel to relitigate the *same* habeas grounds—this consolidated habeas case, all of it, is at an end.

[¶22.]     The fact that there is an unresolved motion by Lee for Rule 60(b) relief in CIV99-2609, as noted by Justice DeVaney, is not consequential.  The excerpted portion of circuit court's decision set out above makes clear that any effort to vacate Judge Kean's decision to allow Lee an opportunity to seek a certificate of probable cause would derive from a finding of ineffective assistance of habeas counsel in

CIV04-2065, which, given our remand instructions to dismiss Lee's current petition, will not occur.

DEVANEY, Justice (concurring specially).

[¶23.] I agree with the majority opinion's determination that *Jackson v. Weber*, 2001 S.D. 30, 637 N.W.2d 19 "does not stand for the proposition that there is a right to effective assistance of counsel that is cognizable as an independent ground for habeas relief." As the *Jackson* Court explained, "ineffective assistance of counsel at a prior habeas proceeding *is not alone enough* for relief in a later habeas action." *Id.* ¶ 17, 637 N.W.2d at 23 (emphasis added); *see also id.* ¶ 26, 637 N.W.2d at 24 (Konenkamp, J., concurring specially) ("the ineffectiveness of habeas counsel is only germane to the extent that habeas counsel may have failed to elicit the original invalidity"). The Legislature's later enactment in SDCL 21-27-4, providing that "[t]he ineffectiveness or incompetence of counsel, whether retained or appointed, during any collateral post-conviction proceeding *is not grounds for relief* under this chapter[,]" aligns with this directive in *Jackson*. (Emphasis added.)

[¶24.] I further agree with the majority opinion that "Lee is not attempting to assert any previously omitted habeas claim related to the original criminal conviction[,]" and, as such, the circuit court should have dismissed Lee's second amended petition for a writ of habeas corpus. Contrary to Lee's contention, this case is unlike *Haase v. Weber*, 2005 S.D. 23, 693 N.W.2d 668. First, although the Court in *Haase* allowed a successive petition for a writ of habeas corpus to proceed on the sole ground that his prior habeas counsel was ineffective for failing to timely seek a certificate of probable cause to appeal the denial of his second habeas

petition, no judge had ever reviewed the merits of Haase's grounds for habeas relief. *Id.* ¶ 5, 693 N.W.2d at 669. Here, Lee had a full evidentiary hearing on his initial habeas petition, and the habeas court issued a lengthy and thorough decision addressing each claim for relief. Second, and more importantly, *Haase* was decided "under the unique facts of [the] case," *id.*, and as the Court in *Piper v. Young* explained, the case "departs from our case law applying issue and claim preclusion in post-conviction collateral challenges," 2019 S.D. 65, ¶ 33 n.13, 936 N.W.2d 793, 806 n.13.

[¶25.]     I write specially to fully address the second question posed by this Court in its order granting the State's petition for an intermediate appeal—whether Lee can seek relief via a motion to vacate pursuant to SDCL 15-6-60(b) (Rule 60(b)) in an attempt to obtain another opportunity to request a discretionary appeal on the merits of his prior habeas petition.[5] In addressing this question, the State notes that this Court has, in prior habeas proceedings, authorized the use of Rule 60(b)(6) to vacate and reissue a prior habeas decision quashing a writ so that a petitioner can timely seek a certificate of probable cause under SDCL 21-27-18.1 to appeal

---

5.     The majority opinion summarily states that there is an "absence of any other showing that would warrant relief under SDCL 15-6-60(b)." However, there are pending Rule 60(b) motions in both habeas files requesting that the habeas court vacate Judge Kean's 2003 decision quashing Lee's first writ of habeas corpus. In response to a motion by Lee, and over the State's objection, the habeas court entered an order in April 2020 consolidating Lee's initial (CIV99-2609) and second (CIV04-2065) habeas files. The court also advised the parties of its view that Rule 60(b) might provide Lee a remedy to seek appellate review of the denial of habeas relief in his first habeas proceeding. Although a dismissal of the current habeas petition would leave nothing to be resolved in his second habeas file, on remand, the habeas court would nevertheless be required to rule on Lee's pending Rule 60(b) motion to vacate in his initial habeas file.

that initial habeas decision. *See Hafner v. Leapley*, 520 N.W.2d 252 (S.D. 1994); *Christensen v. Weber*, 2007 S.D. 102, 740 N.W.2d 622. However, the State claims *Hafner* and *Christensen* are distinguishable from the circumstances here and, as a result, do not support that Lee can seek relief under Rule 60(b)(6) for his failure to timely seek a certificate of probable cause under the provisions of SDCL 21-27-18.1.

[¶26.] Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
> (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under § 15-6-59(b);
> (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) The judgment is void;
> (5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) Any other reason justifying relief from the operation of the judgment.

[¶27.] In *Hafner*, the habeas court vacated its prior order quashing the petitioner's writ and issued a new order to allow the petitioner to timely comply with SDCL 21-27-18.1. 520 N.W.2d at 253. On appeal, the State claimed that the habeas court did not have authority to vacate its order and issue a new order. This Court disagreed, relying on the circuit court's authority via SDCL 15-6-60(b) to grant a party relief from a judgment under certain circumstances. Notably, however, the habeas court did not vacate its prior decision because of ineffective

assistance of prior habeas counsel. Rather, the habeas court vacated its decision and issued a new order because neither the State nor the petitioner knew that the court had entered an order quashing the writ of habeas corpus. In affirming the habeas court's action, the Court in *Hafner* explained, "the trial judge accepted the fault for neither party knowing that an order quashing the writ had been entered" and vacated the "order to correct this problem." *Id.* Therefore, *Hafner* presented an exceptional circumstance and does not stand for the proposition that a claim of ineffective assistance of habeas counsel for not requesting a certificate of probable cause under SDCL 21-27-18.1 warrants relief under SDCL 15-6-60(b). Importantly, unlike in *Hafner*, Lee's counsel was aware of the habeas court's decision and specifically testified that he did not request a certificate of probable cause because he thought such a request would be frivolous.

[¶28.] In *Christensen*, the Court, citing *Hafner*, stated that SDCL 15-6-60(b)(6) "is an appropriate ground upon which to vacate and reissue the order quashing the writ." 2007 S.D. 102, ¶ 7 n.4, 740 N.W.2d at 623 n.4. However, like in *Hafner*, the appeal did not concern a claim of ineffective assistance of habeas counsel. Rather, the case solely addressed the jurisdictional question whether the habeas court could issue a certificate of probable cause on an untimely motion for such under SDCL 21-27-18.1 and thus whether this Court could consider the issues the habeas court certified for appeal. *Id.* ¶ 5. In answering the jurisdictional questions, the applicability of SDCL 15-6-60(b)(6) was not necessary. In fact, there had been no motion filed by Christensen for Rule 60(b) relief. At most, the Court's statements relating to SDCL 15-6-60(b)(6) in *Christensen* should be regarded as

dicta, rather than binding legal precedent controlling Lee's motion for Rule 60(b) relief.

[¶29.]     On the question whether Lee can use Rule 60(b) to obtain another opportunity to request a certificate of probable cause to obtain appellate review of Judge Kean's decision quashing his original writ, it is worth noting that SDCL 15-6-60(b) is a rule of civil procedure, and because habeas proceedings are civil in nature, the rules of civil procedure apply so long as they are not inconsistent with the rules of habeas procedure. *Steiner v. Weber*, 2011 S.D. 40, ¶ 5, 815 N.W.2d 549, 551 (citation omitted). The United States Supreme Court has similarly recognized that Federal Rule of Civil Procedure 60(b) applies in federal habeas proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 2646, 162 L. Ed. 2d 480 (2005). In doing so, the Court noted that "Rule 60(b) has an unquestionably valid role to play in habeas cases." *Id.* at 534, 125 S. Ct. at 2649. However, because the civil rules of procedure only apply to the extent that they are not inconsistent with applicable federal rules, the Court explained that Rule 60(b) cannot be used to circumvent the requirements of the federal rules of habeas corpus. *Id.* at 531–32, 125 S. Ct. 2647–48. The Court then examined whether the petitioner could, based on his claims asserted in his Rule 60(b) motion, seek Rule 60(b) relief.

[¶30.]     While the Supreme Court's decision in *Gonzalez* regarding Rule 60(b) is not controlling on this Court's consideration of the application of SDCL 15-6-60(b) in state habeas proceedings, it is nonetheless instructive on the interplay between Rule 60(b) and our rules of habeas corpus. For example, the Court in *Gonzalez* noted that the federal rules of habeas procedure bar certain claims from being

-13-

asserted in a successive habeas petition. 545 U.S. at 531, 125 S. Ct. at 2647. The Court therefore indicated that certain Rule 60(b) motions, although denominated as such, will be treated as successive habeas petitions and be governed by the rules of habeas procedure. More specifically, the Court explained that "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition" and therefore does not qualify for Rule 60(b) relief. *Id.* at 534, 125 S. Ct. at 2649. However, "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 533, 125 S. Ct. at 2648.

[¶31.]     According to the Supreme Court:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some *defect in the integrity of the federal habeas proceedings.*

*Id.* at 532, 125 S. Ct. 2648 (emphasis added). Importantly, the Court explained "that an attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id.* at 532 n.5, 125 S. Ct. at 2648 n.5.

-14-

[¶32.] Here, while Lee contends that his request for Rule 60(b) relief is warranted because his prior habeas counsel failed to timely request a certificate of probable cause or to advise him to do so on his own, these alleged attorney errors do not constitute a defect in the integrity of the habeas proceeding. Rather, Lee in effect seeks to use Rule 60(b) to revive his ability to seek a certificate of probable cause to proceed with what would otherwise be a time-barred appeal challenging the merits of Judge Kean's order quashing his original petition for a writ of habeas corpus.[6] Under SDCL 21-27-18.1, the Legislature has made clear that "[a] final judgment or order entered under this chapter may not be reviewed by the Supreme Court of this state on appeal *unless the circuit judge who renders the judgment* or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists." (Emphasis added.) Further, "[a] motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered." *Id.* Lee's Rule 60(b) motion, seeking a second chance to timely request a certificate of probable cause from another circuit judge who did not preside over the original habeas evidentiary hearing, would be

---

6. Notably, the record below reveals that the habeas court, when explaining how it planned to decide whether to grant Rule 60(b) relief, advised counsel of its intention to engage in an exhaustive review of the merits of the claims Lee raised in his initial habeas petition to determine whether Lee was prejudiced by his prior habeas counsel's failure to request a certificate of probable cause, namely whether there was a reasonable probability that a certificate of probable cause, if sought, would have been granted. But as noted in *Gonzalez*, Rule 60(b) does not provide an avenue "to revisit the [habeas] court's denial *on the merits* of a claim for relief." 545 U.S. at 534, 125 S. Ct. at 2649.

inconsistent with and circumvent the requirements of SDCL 21-27-18.1. Therefore, Lee's claims do not qualify for Rule 60(b) relief.

[¶33.] This Court, although not in a habeas proceeding, stated that Rule 60(b) "is not a substitute for an appeal." *Rabo Agrifinance, Inc. v. Rock Creek Farms* (*Rabo II*), 2013 S.D. 64, ¶ 14, 836 N.W.2d 631, 637 (citation omitted). The Court further provided that Rule 60(b) cannot be used "as a vehicle to circumvent any defaults concerning appellate rights." *Id.* ¶ 16, 836 N.W.2d at 638 (quoting *In re Tidwell*, 139 F. Supp. 2d 343, 344 (W.D.N.Y. 2000)). Similar to the situation presented here, the Rule 60(b) motion in *Rabo II* was based on a failure of counsel to perfect an appeal. In particular, the appellants in *Rabo II* had timely appealed a May 2011 order to this Court, but counsel failed to serve notice of the appeal on all parties. *Id.* ¶ 7, 836 N.W.2d at 635. Therefore, we dismissed the appeal for lack of jurisdiction. Thereafter, the appellants filed a Rule 60(b) motion in circuit court asking the court to vacate the May 2011 order. The circuit court declined, concluding that Rule 60(b) relief was not appropriate because the motion was "an effort to change the result which was otherwise unsuccessful at the South Dakota Supreme Court[.]" *Id.* ¶ 9, 836 N.W.2d at 635.

[¶34.] On appeal, we affirmed, concluding that "to allow relief to Appellants under Rule 60(b) after their failure to timely serve a notice of appeal on the United States would eviscerate the effect of our decision in *Rabo I* and the body of previous case law that requires timely service of the notice of appeal on party defendants." *Id.* ¶ 20, 836 N.W.2d at 639. So too here, to allow Lee to seek Rule 60(b) relief to challenge the merits of Judge Kean's 2003 order denying Lee's petition for habeas

relief, after he failed to timely request a certificate of probable cause, would "eviscerate" the law of this Court that SDCL 21-27-18.1 is jurisdictional. *Flowers v. Weber*, 2014 S.D. 12, ¶ 3, 844 N.W.2d 363, 363.

[¶35.]     While the Court in *Rabo II* concluded that the Rule 60(b) motion was not appropriate for this reason, the Court further addressed the particular grounds asserted in the appellants' motion. 2013 S.D. 64, ¶ 21, 836 N.W.2d at 639. First, the Court rejected the appellants' claim that their attorney's mistake in failing to serve a party with notice of the original appeal is grounds for relief under Rule 60(b)(1), in part, because "if we were to afford Appellants relief from their counsel's mistake of law, then any party who could claim that his or her counsel made a mistake of law would be entitled to vacate an unfavorable judgment." *Id.* ¶ 23, 836 N.W.2d at 640. The Court noted that "[t]his result would certainly run counter to our interest in the finality of judgments." *Id.*

[¶36.]     The Court then rejected the appellants' claim that relief would be warranted under the catchall provision in subsection (6). *Id.* ¶ 24. The Court observed that "SDCL 15-6-60(b)(6) allows a court to relieve a party from a final order for any other reason justifying relief from the operation of the judgment." *Id.* ¶ 25 (quoting *In re Estate of Nelson*, 1996 S.D. 27, ¶ 16, 544 N.W.2d 882, 886). But "[r]elief under SDCL 15-6-60(b) is granted only upon a showing of exceptional circumstances." *Pesicka v. Pesicka*, 2000 S.D. 137, ¶ 17, 618 N.W.2d 725, 728 (quoting *Hrachovec v. Kaarup*, 516 N.W.2d 309, 310 (S.D. 1994)). With this law in mind, the Court concluded that an attorney's failure to perfect an appeal is not an exceptional circumstance warranting relief under Rule 60(b)(6) because the "case

law was clear that the timely service of the notice of appeal on the United States, as a party defendant, was required." *Rabo II*, 2013 S.D. 64, ¶ 28, 836 N.W.2d at 641.

[¶37.]    While Lee did not request relief under Rule 60(b)(1), he did claim that his prior habeas counsel's failure to seek a certificate of probable cause constitutes exceptional circumstances warranting relief under Rule 60(b)(6). However, as previously stated, the requirement that one must timely seek a certificate of probable cause pursuant to SDCL 21-27-18.1 is well settled and thus the failure of prior habeas counsel to comply with these jurisdictional requirements is not an exceptional circumstance warranting relief under Rule 60(b)(6). This is especially true in light of the fact that there is *no right to appeal* a denial of a petition for a writ of habeas corpus.

[¶38.]    For all the reasons stated in this writing, I concur specially.

[¶39.]    KERN, Justice, joins this writing.